**IN THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**ORANE M. CORNISH, JR.,**

Plaintiff,

**v.**

**TOWN OF BLOOMFIELD, et al.,**

Defendants.

**Case No.: 3:23-cv-01553**

**District Court Case No. 3:23-cv-01553 (D. Conn.)**

**NOTICE OF INTERLOCUTORY APPEAL**

**TO THE CLERK OF THE COURT AND ALL PARTIES OF RECORD:**

Please take notice that ORane M. Cornish, Jr., the Plaintiff in the above-referenced case, hereby appeals to the United States Court of Appeals for the Second Circuit from the order entered by Judge Robert M. Spector in the United States District Court for the District of Connecticut, on March 14, 2025, which denied Plaintiff's Motion to Quash Deposition of Jamal Laidley and ordered that said deposition proceed **(Dkt. No. 187).**

**This appeal is made pursuant to 28 U.S.C. § 1292(b),** as the order in question involves a controlling question of law that may materially affect the outcome of the litigation and is not reviewable after final judgment.

Plaintiff contends that the order is in violation of federal law, including but not limited to **Franks v. Delaware, 438 U.S. 154 (1978), 18 U.S.C. §** 1519 (destruction or alteration of records), and the due process clauses of the **Fifth** and **Fourteenth Amendments**. The deposition, which is based on the unlawful and falsified creation of evidence, directly violates federal civil rights laws and other controlling legal principles.

**The Plaintiff's grounds for this interlocutory appeal are as follows:**

a. The district court's order permitting the deposition of Jamal Laidley is in violation of established constitutional law and federal statutes concerning the creation of false evidence and the rights of the plaintiff.

b. The order is a clear abuse of discretion and violates principles of due process and the Fourth Amendment, which prohibit law enforcement from manufacturing evidence.

c. The court's ruling is inconsistent with established precedent, **including Franks v. Delaware, 18 U.S.C. § 1519, and 28 U.S.C. § 455**, and undermines the integrity of the judicial process.

d. The district court's denial of the motion to quash is based on a fundamental error of law and can result in irreparable harm to the Plaintiff if not immediately addressed by the Court of Appeals.

e. Accordingly, Plaintiff respectfully requests that the United States Court of Appeals for the Second Circuit review and reverse the district court's order denying the motion to quash the deposition.

**Respectfully submitted,**

/s/ **O'Rane M. Cornish, Jr.**                    **DATED:** March 14, 2025

*Pro Se Defendant*

8 Mallard Drive

Bloomfield, CT 06002

(917) 242-0416

Brigadetechnologies@yahoo.com

APPEAL,EFILE,MOTREF,PROSE,RMS

# U.S. District Court
## District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:23–cv–01553–KAD
### *Internal Use Only*

Cornish v. Town of Bloomfield et al
Assigned to: Judge Kari A. Dooley
Referred to: Judge Robert M. Spector
Cause: 42:1983 Civil Rights Act

Date Filed: 11/28/2023
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**ORane M. Cornish, Jr.**

represented by **ORane M. Cornish, Jr.**
181 Talmadge St
Bristol, CT 06010
917–242–0416
Email: brigadetechnologies@yahoo.com
PRO SE

V.

**Defendant**

**Town of Bloomfield**

**Defendant**

**Kelsey Marschall**
*Police Officer, in her individual capacity*

represented by **Katherine E. Rule**
Howd & Ludorf, LLC
100 Great Meadow Road
Ste 201
Wethersfield, CT 06109
860–249–1361
Fax: 860–249–7665
Email: krule@hl–law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kristan M. Jakiela**
Howd & Ludorf, LLC
100 Great Meadow Road
Ste 201
Wethersfield, CT 06109
203–927–4422
Email: kjakiela@hl–law.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lebreck**
*Police Officer, in her individual capacity*
*TERMINATED: 11/06/2024*

represented by **Katherine E. Rule**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kristan M. Jakiela**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Paul Hammick**
*Police Chief, in his individual capacity*

**Defendant**

**Zachary O'Bright**
*Police Officer, in his individual capacity*

**Defendant**

**Downs**
*Police Officer, in her individual capacity*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/28/2023 | 1 | COMPLAINT against Paul Hammick, Lebreck, Kelsey Marschall, Town of Bloomfield, filed by Orane M. Cornish, Jr..(Gaskins, A) (Entered: 11/28/2023) |
| 11/28/2023 | 2 | MOTION for Leave to Proceed in forma pauperis by Orane M. Cornish, Jr.. (Gaskins, A) (Entered: 11/28/2023) |
| 11/28/2023 | 3 | Consent to Electronic Notice by Orane M. Cornish, Jr. (Gaskins, A) (Entered: 11/28/2023) |
| 11/28/2023 | | Judge Kari A. Dooley and Judge Robert M. Spector added. (Johnson, D.) (Entered: 11/28/2023) |
| 11/28/2023 | 4 | Order on Pretrial Deadlines: Amended Pleadings due by 1/27/2024 Discovery due by 5/29/2024 Dispositive Motions due by 7/3/2024 Signed by Clerk on 11/28/2023. (Fanelle, N.) (Entered: 11/28/2023) |
| 11/28/2023 | 5 | ELECTRONIC FILING ORDER FOR COUNSEL – PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER Signed by Judge Kari A. Dooley on 11/28/2023. (Fanelle, N.) (Entered: 11/28/2023) |
| 11/28/2023 | 6 | STANDING PROTECTIVE ORDER Signed by Judge Kari A. Dooley on 11/28/2023. (Fanelle, N.) (Entered: 11/28/2023) |
| 11/28/2023 | 8 | Notice: Pursuant to Federal Rule of Civil Procedure 7.1, a disclosure statement must be filed with a party's first appearance, pleading, petition, motion, response, or other request addressed to the Court and must be supplemented if any required information changes during the case. Signed by Clerk on 11/28/2023.(Gaskins, A) (Entered: 12/04/2023) |
| 11/29/2023 | 7 | ORDER REFERRING CASE to Magistrate Judge Robert M. Spector for a ruling on 2 MOTION for Leave to Proceed in forma pauperis and review of the complaint pursuant to 28 U.S.C. 1915. Signed by Judge Kari A. Dooley on 11/29/2023. Motion referred to Magistrate Judge Robert M. Spector. (Gould, K.) (Entered: 11/29/2023) |
| 12/11/2023 | 9 | MOTION by Self–Represented Litigant to Participate in Electronic Filing by ORane M. Cornish, Jr. (Fanelle, N.) (Entered: 12/12/2023) |
| 12/13/2023 | 10 | MOTION to Appoint Counsel by ORane M. Cornish, Jr. (Fanelle, N.) (Entered: 12/13/2023) |
| 12/14/2023 | 11 | ORDER denying 10 Motion to Appoint Counsel. A plaintiff in a civil case is not entitled to appointment of counsel on request and the Second Circuit repeatedly cautions against the routine appointment of counsel. *See, e.g.*, *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997); *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Insofar as volunteer lawyer time is not always readily available, a plaintiff seeking appointment of counsel must show first that he "sought counsel and has been unable to obtain it." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 123 (2d Cir. 1988). Once a plaintiff has made this showing, he must then demonstrate that his complaint passes the test of "likely merit." *Cooper*, 877 F.2d at 173. He must demonstrate that the claims in the complaint have a sufficient basis to justify appointing a volunteer lawyer to pursue them. Notably, "even where a claim is not frivolous, counsel is often unwarranted where the [plaintiff's] chances of success are extremely slim." *Id.* at 171. Here, Plaintiff has demonstrated that he has sought but has, as of yet, been unable to obtain counsel. However, at this nascent stage of the litigation, the Court cannot ascertain the "likely merit" of Plaintiff's claims. Indeed, the complaint is currently undergoing review pursuant to 28 U.S.C. Section 1915. The 10 |

| | | |
|---|---|---|
| | | Motion is therefore DENIED without prejudice should facts develop through the litigation that permit reassessment of this issue. Plaintiff may find information about the Federal Pro Se Legal Assistance Program at the following link: https://nhlegal.org/federalprose/. The Clerk of the Court is also directed to mail Plaintiff information on the Federal Pro Se Legal Assistance Program.<br><br>Signed by Judge Kari A. Dooley on 12/14/2023. (Chambers, Jillian) (Entered: 12/14/2023) |
| 12/15/2023 | 12 | RECOMMENDED RULING: For the reasons stated in the attached Recommended Ruling, the plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2 ) is **GRANTED**. The Court further recommends that: (a) the plaintiff's false arrest claim be permitted to proceed as pleaded in the Complaint; (b) the plaintiff's malicious prosecution and excessive force claims be **DISMISSED without prejudice** to a newly filed Amended Complaint that plausibly alleges those claims; (c) any purported "failure to investigate" claim be **DISMISSED with prejudice**; and (d) defendants Town of Bloomfield, Hammick, and LaBreck be **DISMISSED with prejudice**.<br><br>This is a recommended ruling. *See* Fed. R. Civ. P. 72(b)(1). Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of being served with this order. *See* Fed. R. Civ. P. 72(b)(2). Any party receiving notice of an order or recommended ruling from the Clerk by mail shall have five (5) additional days to file any objection. *See* D. Conn. L. Civ. R. 72.2(a). Failure to timely object will preclude appellate review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 6(a), 6(e); D. Conn. L. Civ. R. 72.2; *Small v. Secretary of H.H.S.*, 892 F.2d 15 (2d Cir. 1989) (*per curiam*); *FDIC v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).<br><br>The plaintiff has three options in responding to this Recommended Ruling:<br><br>First, should the plaintiff disagree with the recommendations set forth in this Ruling, he must file an objection within fourteen (14) days of being served herewith. *See* Fed. R. Civ. P. 72(b)(2).<br><br>Second, should the plaintiff choose not to object to this Recommended Ruling and if the Court (Dooley, J.) decides to adopt the Recommended Ruling, he may proceed on the Complaint as written, but without any malicious prosecution, excessive force, or "failure to investigate" claims, and without any claims against the Town of Bloomfield, Chief Hammick, or Officer LaBreck. If the plaintiff elects to pursue this option, he is directed to file a Notice on the docket by **December 29, 2023**, requesting to proceed only on the Section 1983 claim for false arrest against Officer Marschall, as set forth in the Complaint. Upon the filing of such a Notice, the Court will enter a Scheduling Order for service of the Complaint, discovery, and other applicable deadlines.<br><br>The last option available to the plaintiff is that he may decide to try to proceed on his false arrest claim, as well as the malicious prosecution and excessive force claims that the Complaint fails to adequately articulate. Under those circumstances, the plaintiff must file an Amended Complaint on or before **January 15, 2024** which repeats the false arrest claim already alleged in the initial Complaint, but also sets forth plausible malicious prosecution and excessive force claims, consistent with this Recommended Ruling.<br><br>To be sure, if the plaintiff elects to file an Amended Complaint, that pleading must comply with the Federal and Local Rules of Civil Procedure. It must be captioned "Amended Complaint," and will completely supersede (that is, replace) the current Complaint. Before filing any Amended Complaint, the plaintiff must carefully review this Recommended Ruling and ensure that any Amended Complaint addresses the deficiencies in the malicious prosecution and excessive force claims identified therein. The Court will review the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). If the Amended Complaint fails to state a claim for which relief may be granted as to any claim already reviewed by the Court, such claims may be dismissed with prejudice upon review under 28 U.S.C. §1915(e)(2)(B).<br>Objections due by 12/29/2023. Signed by Judge Robert M. Spector on December 15, 2023. (Spears, Andrew) (Entered: 12/15/2023) |

| | | |
|---|---|---|
| 12/15/2023 | 13 | ORDER granting 2 Motion for Leave to Proceed *in forma pauperis*. (*See* Doc. No. 12 ). Signed by Judge Robert M. Spector on December 15, 2023. (Spears, Andrew) (Entered: 12/15/2023) |
| 12/21/2023 | 14 | AMENDED COMPLAINT against Paul Hammick, Lebreck, Kelsey Marschall, Town of Bloomfield, filed by ORane M. Cornish, Jr. (Fanelle, N.) (Entered: 12/21/2023) |
| 01/18/2024 | 15 | RECOMMENDED RULING: For the reasons set forth in the attached Recommended Ruling, the Court respectfully recommends that: (a) the plaintiff's false arrest claim be permitted to proceed as pleaded in the Amended Complaint, against both Officer Marschall *and* Officer LaBreck; and (b) the plaintiff's remaining claims be **DISMISSED with prejudice**, in light of the fatal deficiencies set forth in the Court's initial Recommended Ruling (Doc. No. 12 ), and the Amended Complaint's failure to cure them. |
| | | This is a recommended ruling. *See* Fed. R. Civ. P. 72(b)(1). Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of being served with this order. *See* Fed. R. Civ. P. 72(b)(2). Any party receiving notice of an order or recommended ruling from the Clerk by mail shall have five (5) additional days to file any objection. *See* D. Conn. L. Civ. R. 72.2(a). Failure to timely object will preclude appellate review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 6(a), 6(e); D. Conn. L. Civ. R. 72.2; *Small v. Secretary of H.H.S.*, 892 F.2d 15 (2d Cir. 1989) (*per curiam*); *FDIC v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995). Objections due by 2/1/2024. Signed by Judge Robert M. Spector on January 18, 2024. (Spears, Andrew) (Entered: 01/18/2024) |
| 01/30/2024 | 16 | MOTION to Include Post–Arraignment Liberty Restraint by ORane M. Cornish, Jr. (Fanelle, N.) (Entered: 01/31/2024) |
| 01/30/2024 | 17 | MOTION for Service of Process by ORane M. Cornish, Jr. Responses due by 2/20/2024. (Fanelle, N.) (Entered: 01/31/2024) |
| 02/08/2024 | 18 | ORDER adopting 12 Recommended Ruling; adopting 15 Recommended Ruling; denying 16 Motion to Include Post–Arraignment Liberty Restraint; granting 17 Motion for Service of Process. The Court has reviewed Magistrate Judge Spector's Recommended Rulings concerning Plaintiff's 1 Complaint and 14 Amended Complaint. The Recommended Rulings contain an accurate statement of the applicable law and a thoroughly reasoned analysis and application of that law to the circumstances presented here. The Plaintiff filed a 16 Motion to Include Post–Arraignment Liberty Restraint claims, which the Court construes as an objection to the 12 Recommended Ruling. The Court notes that Plaintiff was given the opportunity to file an Amended Complaint, which he did, yet chose not to address the post–arraignment liberty restraint issues identified by Judge Spector. The Court concludes that even considering the new allegations provided by Plaintiff, such allegations fail to identify a post–arraignment liberty restraint in support of Plaintiff's malicious prosecution claim. *See Harvey v. Greenwich*, 3:17–cv–1417 (SRU), 2019 WL 1440385, at *9 (D. Conn. Mar. 31, 2019) ("The Second Circuit has held that having to return to court on multiple occasions and having to remain in the state constituted sufficient post–arraignment liberty restraints for the purposes of malicious prosecution."). The Court has not found any case in which lost job opportunities and a strain on personal relationships amounted to a restraint of liberty as contemplated by the Fourth Amendment. Accordingly, Plaintiff's 16 Motion to Include Post–Arraignment Liberty Restraints is DENIED. |
| | | The Recommended Rulings therefore are Accepted, Adopted and So Ordered. Plaintiff's false arrest claims against Officers Marschall and LaBreck as pleaded in Plaintiff's Amended Complaint may proceed. Plaintiff's remaining claims are dismissed with prejudice. The Clerk of the Court is directed to terminate Defendants Town of Bloomfield and Paul Hammick. |
| | | Plaintiff's 17 Motion for Service of Process against Officers Marschall and LaBreck is GRANTED. The Clerk of the Court is also directed to prepare and mail a service packet to Plaintiff. |
| | | Signed by Judge Kari A. Dooley on 2/8/2024. (Chambers, Jillian) (Entered: 02/08/2024) |

| 02/12/2024 | 19 | NOTICE TO COUNSEL/SELF–REPRESENTED PARTIES : Counsel or self–represented parties initiating or removing this action are responsible for serving all parties with attached documents and copies of 6 Protective Order, 3 Consent to Electronic Notice filed by ORane M. Cornish, Jr., 2 MOTION for Leave to Proceed in forma pauperis filed by ORane M. Cornish, Jr., 4 Order on Pretrial Deadlines, 8 Notice re: Disclosure Statement, 1 Complaint filed by ORane M. Cornish, Jr., 5 Electronic Filing Order.<br>Signed by Clerk on 2/12/2024. (Fanelle, N.) (Entered: 02/12/2024) |
|---|---|---|
| 02/12/2024 | 20 | USM 285 forms together with Notice of Lawsuit/Request for Waiver of Service of Summons and all instructions mailed to IFP plaintiff to complete and return to Clerk's office. (Fanelle, N.) (Entered: 02/12/2024) |
| 02/14/2024 | 21 | ORDER granting 9 Motion by Self–Represented Litigant to Participate in Electronic Filing. Self–Represented Filers are Required to Comply with the Standard Electronic Filing Order Docketed at Case Opening. Signed by Judge Kari A. Dooley on 2/14/2024. (Gould, K.) (Entered: 02/14/2024) |
| 02/14/2024 | 22 | ELECTRONIC FILING ORDER – PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER. SELF–REPRESENTED FILERS ARE REQUIRED TO COMPLY WITH THE JUDGE'S STANDARD ELECTRONIC FILING ORDER WHICH IS ATTACHED.<br>Signed by Judge Kari A. Dooley on 2/14/2024.(Gould, K.) (Entered: 02/14/2024) |
| 03/08/2024 | | USM 285 forms together with Notice of Lawsuit/Request for Waiver of Service, Amended Complaint, Order granting IFP and Standing Orders sent to USM for service on Officers Marschall and LaBreck. (Fanelle, N.) (Entered: 03/08/2024) |
| 03/12/2024 | 23 | First MOTION to Appoint Counsel by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 03/12/2024) |
| 03/12/2024 | 24 | ORDER denying 23 Motion to Appoint Counsel. A plaintiff in a civil case is not entitled to appointment of counsel on request and the Second Circuit repeatedly cautions against the routine appointment of counsel. *See, e.g.*, *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997); *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Insofar as volunteer lawyer time is not always readily available, a plaintiff seeking appointment of counsel must show first that he "sought counsel and has been unable to obtain it." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 123 (2d Cir. 1988). Once a plaintiff has made this showing, he must then demonstrate that his complaint passes the test of "likely merit." *Cooper*, 877 F.2d at 173. He must demonstrate that the claims in the complaint have a sufficient basis to justify appointing a volunteer lawyer to pursue them. Notably, "even where a claim is not frivolous, counsel is often unwarranted where the [plaintiff's] chances of success are extremely slim." *Id.* at 171. Here, Plaintiff has demonstrated that he has sought but has, as of yet, been unable to obtain counsel. However, at this nascent stage of the litigation, the Court cannot ascertain the "likely merit" of Plaintiff's claims. The Defendants have not yet appeared and no discovery has been undertaken. The 23 Motion is therefore DENIED without prejudice should facts develop through the litigation that permit reassessment of this issue.<br>Signed by Judge Kari A. Dooley on 3/12/2024. (Chambers, J.) (Entered: 03/12/2024) |
| 03/16/2024 | 25 | First MOTION to Transfer/Disqualify/Recuse Judge *Motion to Recuse Judger Kari Dooley* by ORane M. Cornish, Jr. (Attachments: # 1 Affidavit Motion to recuse Judge Kari Dooley)(Cornish, ORane) (Entered: 03/16/2024) |
| 03/18/2024 | 26 | NOTICE of Appearance by Katherine E. Rule on behalf of Lebreck, Kelsey Marschall (Rule, Katherine) (Entered: 03/18/2024) |
| 03/18/2024 | 27 | ORDER denying 25 Motion to Transfer/Disqualify/Recuse Judge. A judge must recuse "[herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Further, a judge must recuse herself if she has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). "In determining whether Section 455(a) requires recusal, the appropriate standard is objective reasonableness –– whether an objective, disinterested observer fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal." *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (citation and |

quotation marks omitted). "[T]he grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality." *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001).

Plaintiff seeks the Court's recusal solely because of prior judicial rulings denying Plaintiff's request for pro bono counsel as well as judicial rulings in unrelated cases. Plaintiff argues that the Court's prior rulings in this case and others suggest that the Court is either biased or exhibits an appearance of bias against him. However, prior rulings alone are not a valid basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. Andrews*, No. 3:20–CV–1300, 2022 WL 819545, at *3 (D. Conn. Mar. 18, 2022) ("[I]t is... well–established that adverse rulings against the defendant do not render a judge biased such that recusal is proper." (internal quotation marks omitted)). Plaintiff offers no reason outside this Court's rulings to justify recusal. The Court advises Plaintiff however that it harbors no personal animus or antagonism toward Plaintiff or the merits of his case.

Finally, Plaintiff's motion to recuse Magistrate Judge Spector is premised on a false or mistaken narrative. Whoever Plaintiff believes he is describing in the motion, that person is most assuredly not Magistrate Judge Robert S. Spector. Accordingly, this motion is DENIED in all respects.

Signed by Judge Kari A. Dooley on 3/18/2024. (Chambers, J.) (Entered: 03/18/2024)

| | | |
|---|---|---|
| 03/19/2024 | 28 | NOTICE of Appearance by Kristan M. Jakiela on behalf of Lebreck, Kelsey Marschall (Jakiela, Kristan) (Entered: 03/19/2024) |
| 03/28/2024 | 29 | MOTION for Extension of Time until May 6, 2024 to file a responsive pleading 14 Amended Complaint by Lebreck, Kelsey Marschall. (Rule, Katherine) (Entered: 03/28/2024) |
| 03/28/2024 | 30 | First AFFIDAVIT *Motion to prohibit surveillance* Signed By ORane M. Cornish Jr filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 03/28/2024) |
| 04/02/2024 | 31 | ORDER granting 29 Motion for Extension of Time. Defendants shall respond to Plaintiff's Amended Complaint on or before May 6, 2024.<br>Signed by Judge Kari A. Dooley on 4/2/2024. (Chambers, J.) (Entered: 04/02/2024) |
| 04/02/2024 | | Answer deadline updated for Lebreck to 5/6/2024; Kelsey Marschall to 5/6/2024. (Chambers, J.) (Entered: 04/02/2024) |
| 04/05/2024 | 32 | SUMMONS Returned Executed by ORane M. Cornish, Jr. (Fanelle, N.) (Entered: 04/08/2024) |
| 04/11/2024 | 33 | OBJECTION re 30 Affidavit *(Objection to Motion to Prohibit Surveillance)* filed by Lebreck, Kelsey Marschall. (Jakiela, Kristan) (Entered: 04/11/2024) |
| 04/11/2024 | 34 | ORDER re 30 Affidavit. Although the nature of Plaintiff's request is not clear, the Court construes Plaintiff's filing as a motion for a mandatory injunction prohibiting Defendants from continuing to surveil him during the pendency of his case, an accusation Defendants deny. Plaintiff also appears to seek a default, an adverse inference instruction, and a finding of liability for the illegal surveillance as sanctions. The injunctive relief can only be pursued pursuant to Rule 65, and Plaintiff does not meet the rigorous requirements set forth therein. *See N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) ("A party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest. Because mandatory injunctions disrupt the status quo, a party seeking one must meet a heightened legal standard by showing a clear or substantial likelihood of success on the merits." (citations and quotations omitted)). Further, it is unclear whether some persons against whom Plaintiff seeks this mandatory injunction are even named defendants, which is generally a prerequisite to seeking injunctive relief. *See Tobin v. Doe*, No. 3:04–cv–952 (SRU), 2006 WL 680507, at *3 (D. Conn. Mar. 15, 2006). As Plaintiff has not established adequate basis for his request for injunctive relief, nor has he established his entitlement to sanctions.<br>Signed by Judge Kari A. Dooley on 4/11/2024. (Chambers, J.) (Entered: 04/11/2024) |

| | | |
|---|---|---|
| 04/11/2024 | 35 | First MOTION to Transfer/Disqualify/Recuse Judge *MOTION TO RECONSIDER MOTON TO RECUSE JUDGE KARI A. DOOLEY* by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 04/11/2024) |
| 04/12/2024 | 36 | ORDER denying 35 Motion for Reconsideration Motion to Recuse. Plaintiff cites only adverse rulings as demonstrating bias. As previously observed, prior rulings alone are not a valid basis on which to seek recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. Andrews*, No. 3:20–CV–1300, 2022 WL 819545, at *3 (D. Conn. Mar. 18, 2022) ("[I]t is... well–established that adverse rulings against the defendant do not render a judge biased such that recusal is proper." (internal quotation marks omitted)). Accordingly, for the reasons previously articulated, see ECF No. 27, Plaintiff's motion for reconsideration of his motion to recuse is DENIED. Signed by Judge Kari A. Dooley on 4/12/2024. (Chambers, J.) (Entered: 04/12/2024) |
| 04/23/2024 | 37 | First OBJECTION *OBJECTION TO DENIAL OF MOTION TO PROHIBIT SURVEILLANCE* filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 04/24/2024) |
| 04/24/2024 | 38 | AFFIDAVIT *SUBPOENA DUCES TECUM* Signed By ORane M. Cornish Jr filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 04/24/2024) |
| 04/24/2024 | 39 | Second AFFIDAVIT *OBJECTION TO DENIAL OF MOTION TO PROHIBIT SURVEILLANCE* Signed By ORane M. Cornish Jr filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 04/24/2024) |
| 04/25/2024 | 40 | First RESPONSE *RE: Objection to Proposed Case Management Plan and Proposed Provisions, and Reasons for Non–Applicability of Qualified Immunity and Potential Inclusion of Additional Defendants* filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 04/25/2024) |
| 04/25/2024 | 41 | MOTION for Security for Costs by Lebreck, Kelsey Marschall. (Jakiela, Kristan) (Entered: 04/25/2024) |
| 04/25/2024 | 42 | MOTION to Quash *Subpoena Duces Tecum* by Lebreck, Kelsey Marschall.Responses due by 5/16/2024 (Jakiela, Kristan) (Entered: 04/25/2024) |
| 04/25/2024 | 43 | REPORT of Rule 26(f) Planning Meeting. (Jakiela, Kristan) (Entered: 04/25/2024) |
| 04/26/2024 | 44 | *VACATED* ORDER granting 41 Motion for Security for Costs. The defendant(s) having made application to the Clerk of Court for an order requiring the plaintiff(s) to deposit or file a bond with sufficient surety in the sum of $500.00 pursuant to Local Rule 83.3(a) of the Rules of Civil Procedure for the United States District of Connecticut, it is ORDERED that the plaintiff(s) herein file a bond as security for costs in this action within thirty (30) days from this date. Signed by Clerk on 4/26/2024. (Fanelle, N.) Modified on 4/29/2024 (Gould, K.). (Entered: 04/26/2024) |
| 04/26/2024 | 45 | First OBJECTION *OBJECTION TO MOTION TO QUASH SUBPOENA DUCES TECUM* filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 04/26/2024) |
| 04/26/2024 | 46 | First OBJECTION *OBJECTION TO MOTION OF SECURITY COSTS* filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 04/26/2024) |
| 04/26/2024 | 47 | Third RESPONSE *3rd Emergency Motion to Recuse Judger Kari Dooley* filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 04/26/2024) |
| 04/28/2024 | 48 | Fourth AFFIDAVIT *4th EMERGENCY Motion to Recuse Judge Kari Dooley* Signed By ORane M. Cornish Jr filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 04/28/2024) |
| 04/29/2024 | 49 | ORDER vacating 44 Order on Motion for Security for Costs. Plaintiff has objected to the requirement that he post a bond in the amount of $500. *See* ECF No. 46 . In light of Plaintiff's *in forma pauperis* status, the Court concludes that Plaintiff has demonstrated good cause pursuant to Local Rule 83.3(b) to waive the requirements of the rule. Plaintiff is advised, however, that if judgment is entered in favor of Defendants, he may be required to pay Defendants' Bill of Costs. *See* Federal Rule of Civil Procedure 54(d). Signed by Judge Kari A. Dooley on 4/29/2024. (Chambers, J.) (Entered: 04/29/2024) |

| 04/29/2024 | 50 | Fifth MOTION to Transfer/Disqualify/Recuse Judge *5th EMERGENCY Motion to Recuse Judge Kari Dooley* by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 04/29/2024) |
|---|---|---|
| 04/30/2024 | 51 | ***Entered in Error*** First CERTIFICATE OF SERVICE by ORane M. Cornish, Jr *COMPLIANCE WITH COURT ORDER 37* (Cornish, ORane) Modified on 4/30/2024. (Fanelle, N.) (Entered: 04/30/2024) |
| 05/03/2024 | 52 | Order on Pretrial Deadlines. The Court has reviewed the Defendants' 43 Rule 26(f) Report. The Court observes that Plaintiff declined to participate or cooperate in the planning process as contemplated in Fed. R. Civ. P. 26. Instead, Plaintiff filed an objection to Defendant's proposed case management plan. *See* ECF No. 40 . As a self−represented party, Plaintiff is advised that the Federal Rules of Civil Procedure often require cooperation between the parties. Rule 26 is but one such example. Plaintiff's "objection" should have been his response directly to the Defendants in the process of putting together the Rule 26(f) Report. As to proposed deadlines, Plaintiff disagrees with Defendants' proposals but offers no alternatives. Having fully considered both submissions, pursuant to Local Rule 16(b), the Court enters the following orders:<br><br>The Plaintiff shall move to amend the pleadings or move to join additional parties by May 24, 2024. This extended deadline accommodates Plaintiff's concern that more time is necessary than was proposed in the Defendants' submission. All discovery shall be concluded by April 26, 2025. Dispositive motions, if any (see Local Rule 56(c)), shall be filed by May 27, 2025. The Court will set a date for filing a joint trial memorandum after the close of discovery. The joint trial memorandum shall comport with this Court's standing order, which will be separately docketed. Plaintiff may move to amend the scheduling order if additional time is required to complete discovery upon a showing of good cause and due diligence in attempting to meet these deadlines. *See* Local Rule 7(b).<br><br>A telephonic status conference is scheduled for May 9, 2025 at 10:00AM.<br><br>Signed by Judge Kari A. Dooley on 5/3/2024. (Chambers, J.) (Entered: 05/03/2024) |
| 05/03/2024 | | Set Deadlines/Hearings: Motion to Amend Pleadings due by 5/24/2024; Discovery due by 4/26/2025; Dispositive Motions due by 5/27/2025; Telephonic Status Conference set for 5/9/2025 at 10:00 AM before Judge Kari A. Dooley. (Chambers, J.) (Entered: 05/03/2024) |
| 05/03/2024 | 53 | NOTICE OF E−FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.<br>Telephonic Status Conference set for May 9, 2025 at 10:00 AM before Judge Kari A. Dooley. Telephonic Conference Line: 888−278−0296; Access Code: 80−77−899. (Chambers, J.) (Entered: 05/03/2024) |
| 05/03/2024 | 54 | STANDING ORDER ON JOINT TRIAL MEMORANDA. See attached.<br>Signed by Judge Kari A. Dooley on 5/3/2024. (Chambers, J.) (Entered: 05/03/2024) |
| 05/03/2024 | 55 | ORDER granting 42 Motion to Quash Subpoena. Plaintiff may obtain the information he seeks through the normal discovery process by serving Interrogatories or Requests for Production pursuant to Fed. R. Civ. P. 33 & 34.<br>Signed by Judge Kari A. Dooley on 5/3/2024. (Chambers, J.) (Entered: 05/03/2024) |
| 05/03/2024 | 56 | ORDER denying 47 Third Emergency Motion to Recuse; denying 48 Fourth Emergency Motion to Recuse; denying 50 Fifth Emergency Motion to Recuse for the reasons previously articulated. *See* ECF No. 27 , 36 . Plaintiff's Third and Fourth Motion to Recuse is also premised on the undersigned's alleged (though unspecified) ties to law enforcement. This claim is factually flawed and is therefore not discussed further. To the extent that Plaintiff's motion is premised on the Court granting Defendants' Motion for Security of Costs, the Court has vacated that order. To the extent that the Fifth Motion to Recuse is premised on the order vacating the order on security of costs, the Court's accurate reference to the Federal Rules of Civil Procedure is not a basis upon which to infer bias.<br>Signed by Judge Kari A. Dooley on 5/3/2024. (Chambers, J.) (Entered: 05/03/2024) |

| 05/04/2024 | 57 | First RESPONSE *MOTION TO APPEAL THE GRANTING OF MOTION TO QUASH SUBPOENA* filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 05/04/2024) |
|---|---|---|
| 05/06/2024 | 58 | MOTION to Dismiss by Lebreck, Kelsey Marschall.Responses due by 5/28/2024 (Attachments: # 1 Memorandum in Support)(Jakiela, Kristan) (Entered: 05/06/2024) |
| 05/06/2024 | 59 | NOTICE by Lebreck, Kelsey Marschall re 58 MOTION to Dismiss (Attachments: # 1 Exhibit Federal Rules of Civil Procedure 12, District of Connecticut Local Rules of Civil Procedure 7)(Jakiela, Kristan) (Entered: 05/06/2024) |
| 05/07/2024 | 60 | First RESPONSE *Response to Court's Order on Pretrial Deadlines* filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 05/07/2024) |
| 05/07/2024 | 61 | First OBJECTION 58 *OBJECTION TO MOTION TO DISMISS* filed by ORane M. Cornish, Jr. (Cornish, ORane) Modified on 5/9/2024 to link document (Imbriani, S). (Entered: 05/07/2024) |
| 05/08/2024 | 62 | ***FILED IN ERROR – DUPLICATE ENTRY*** First NOTICE by ORane M. Cornish, Jr *OBJECTION TO MOTION TO DISMISS* (Cornish, ORane) Modified on 5/9/2024 (Imbriani, S). (Entered: 05/08/2024) |
| 05/09/2024 | 63 | First RESPONSE *Response to MOTION TO QUASH SUBPOENA DUCES TECUM* filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 05/09/2024) |
| 05/16/2024 | 64 | First AFFIDAVIT *Motion to Serve Subpoena on the Town of Bloomfield for Video (Officer Body Cam) Evidence* Signed By ORane M. Cornish Jr filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 05/16/2024) |
| 05/16/2024 | 65 | Second AFFIDAVIT *2ND OBJECTON TO MOTION TO DISMISS* Signed By ORane M. Cornish Jr filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 05/16/2024) |
| 05/16/2024 | 66 | Second NOTICE by ORane M. Cornish, Jr *2ND OBJECTON TO MOTION TO DISMISS* (Cornish, ORane) (Entered: 05/16/2024) |
| 05/21/2024 | 67 | REPLY to Response to 58 MOTION to Dismiss filed by Lebreck, Kelsey Marschall. (Jakiela, Kristan) (Entered: 05/21/2024) |
| 05/23/2024 | 68 | MOTION to Seal *and File Substitute* Motion to Dismiss and accompanying Memorandum [Doc. 58 et seq] by Lebreck, Kelsey Marschall. (Jakiela, Kristan) (Entered: 05/23/2024) |
| 05/23/2024 | 69 | MOTION to Quash *Subpoena Duces Tecum* by Lebreck, Kelsey Marschall.Responses due by 6/13/2024 (Jakiela, Kristan) (Entered: 05/23/2024) |
| 05/23/2024 | 70 | First AFFIDAVIT *MOTION TO ADD SERGEANT NICOLE DOWNS AS A DEFENDANT* Signed By ORane M. Cornish Jr filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 05/23/2024) |
| 05/24/2024 | 71 | ORDER re 57 Motion to Appeal. Plaintiff seeks reconsideration of the Court's order granting Defendants' Motion to Quash Subpoena. *See* ECF No. 55 . The Court's decision does not deny him access to the information he seeks. As the Court advised Plaintiff in granting the motion to quash, he may seek this information through Requests for Production and Interrogatories served pursuant to Fed. R Civ. P. 33 and 34. If Plaintiff wishes to appeal the Court's decision, he may file a Notice of Appeal indicating as much.<br>Signed by Judge Kari A. Dooley on 5/24/2024. (Chambers, J.) (Entered: 05/24/2024) |
| 05/24/2024 | 72 | ORDER granting 69 Motion to Quash for the reasons stated in ECF No. 55 . Signed by Judge Kari A. Dooley on 5/24/2024. (Chambers, J.) (Entered: 05/24/2024) |
| 05/24/2024 | 73 | ORDER granting in part and denying in part 68 Motion to Seal. To the extent that Defendants wish to file a substitute Motion to Dismiss, that motion is granted. To the extent that Defendants would like to seal their Motion to Dismiss as well as several other filings on the docket, that motion is denied without prejudice. The standard for sealing judicial documents is not a showing of good cause. *See* D. Conn. Local Rule 5(e). Defendants may refile their motion as permitted by and consistent with the requirements of Local Rule 5(e). Signed by Judge Kari A. Dooley on 5/24/2024. (Chambers, J.) (Entered: 05/24/2024) |

| Date | No. | Docket Text |
|---|---|---|
| 05/24/2024 | 74 | First AFFIDAVIT *PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO SEAL AND FILE SUBSTITUTE* Signed By ORane M. Cornish Jr filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 05/24/2024) |
| 05/24/2024 | 75 | ORDER denying without prejudice 70 Motion to Add Sergeant Nicole Downs as a Defendant. Plaintiff may file a motion for leave to amend with an accompanying memorandum of law in support of his request consistent with Federal Rule of Civil Procedure 15(a)(2) as well as D. Conn. Local Rule 7(f).<br>Signed by Judge Kari A. Dooley on 5/24/2024. (Chambers, J.) (Entered: 05/24/2024) |
| 05/24/2024 | 76 | First AFFIDAVIT *Motion for Leave to Amend Complaint and Memorandum of Law in Support thereof* Signed By ORane M. Cornish Jr filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 05/24/2024) |
| 05/27/2024 | 77 | First AFFIDAVIT *MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD OFFICER ZACHARY O'BRIGHT AS A DEFENDANT* Signed By ORane M. Cornish Jr filed by ORane M. Cornish, Jr. (Attachments: # 1 Memorandum in Support MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD OFFICER ZACHARY O'BRIGHT AS A DEFENDANT)(Cornish, ORane) (Entered: 05/27/2024) |
| 05/27/2024 | 78 | First AFFIDAVIT *MOTION AND MEMORANDUM TO ADD CHARGE OF HATE CRIME AGAINST POLICE OFFICER KELSEY MARSCHALL* Signed By ORane M. Cornish Jr filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 05/27/2024) |
| 05/28/2024 | 79 | ORDER denying without prejudice 75 77 motions for leave to amend complaint and denying with prejudice 78 motion to add charge of hate crime against Defendant Marschall. Plaintiff's motions at ECF Nos. 75 and 77 fail to comply with Fed. R. Civ. P. 15 or Local Rule 7(f). Although Plaintiff indicates in ECF No. 75 that the motion will be accompanied by a proposed amended complaint, no such proposed amended complaint was attached or subsequently submitted. The Court is unable to assess these motions for leave to file as currently docketed, nor can Defendants reasonably be expected to assess the request without seeing the proposed amended complaint. Further, Plaintiff may not proceed by bringing claims against diverse defendants in piecemeal fashion. On or before June 21, 2024, Plaintiff is directed to file a motion for leave to file an amended complaint, raising all claims against all defendants in one fulsome filing, accompanied by the proposed amended complaint.<br><br>At ECF No. 78 , Plaintiff seeks leave to amend the claims against Defendant Marschall to add an allegation that she violated Title 18, United States Code § 249. However, it is well–settled that federal criminal statutes do not give rise to a private right of action and may only be enforced by the federal government. *See Oyarzun v. President/CEO of Exchange Place Preservation Partners, LLC*, No. 3:21–cv–1230 (JAM), 2021 WL 6197081, at *2 (D. Conn. Dec. 31, 2021) (no plausible claim for relief under 18 U.S.C. § 249 because "it is well established that criminal statutes do not give rise to a private right of action for civil damages") (citing *Schlosser v. Kwak*, 16 F.4th 1078, 1083 (2d Cir. 2021)). ECF No. 78 is therefore DENIED. The proposed amended complaint due by June 21, 2024 shall NOT include any claim for alleged violations of 18 U.S.C. § 249.<br>Signed by Judge Kari A. Dooley on 5/28/2024. (Chambers, J.) (Entered: 05/28/2024) |
| 05/28/2024 | | Set Deadlines: Motion to Amend Pleadings due by 6/21/2024. (Chambers, J.) (Entered: 05/28/2024) |
| 05/30/2024 | 80 | First NOTICE by ORane M. Cornish, Jr *Notice to the Court: Request for Subpoena of Officer Kelsey Marschall's Body Camera Footage* (Cornish, ORane) (Entered: 05/30/2024) |
| 05/31/2024 | 81 | First AFFIDAVIT *MOTION TO COMPEL COMPLIANCE WITH FOI REQUEST, ISSUE SUBPOENA, AND IMPOSE SANCTIONS* Signed By ORane M. Cornish Jr filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 05/31/2024) |
| 06/04/2024 | 82 | MOTION to Quash *Subpoenas* by Lebreck, Kelsey Marschall.Responses due by 6/25/2024 (Jakiela, Kristan) (Entered: 06/04/2024) |
| 06/04/2024 | 83 | OBJECTION re 81 Affidavit *(Objection to Motion to Compel Compliance with FOI Request and Motion for Sanctions)* filed by Lebreck, Kelsey Marschall. (Jakiela, Kristan) (Entered: 06/04/2024) |

| 06/04/2024 | 84 | First Memorandum in Opposition *LEGAL MEMORANDUM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS* re 58 MOTION to Dismiss , 82 MOTION to Quash *Subpoenas* filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 06/04/2024) |
|---|---|---|
| 06/04/2024 | 85 | Second AFFIDAVIT *PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO QUASH SUBPOENAS* Signed By ORane M. Cornish Jr filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 06/04/2024) |
| 06/04/2024 | 86 | First AFFIDAVIT *PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO MOTION TO COMPEL COMPLIANCE WITH FOI REQUEST AND MOTION FOR SANCTIONS* Signed By ORane M. Cornish Jr filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 06/04/2024) |
| 06/05/2024 | 87 | First AFFIDAVIT *NOTICE TO THE COURT REGARDING LACK OF COMMUNICATION FROM DEFENDANTS' ATTORNE* Signed By ORane M. Cornish Jr filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 06/05/2024) |
| 06/08/2024 | 88 | First AFFIDAVIT *OBJECTION TO ORDER 62 AND EMERGENCY REQUEST FOR STATE PROCEEDING INTERVENTION AND MOTION TO GRANT LEAVE TO ADD JUDGE MAUREEN KEEGAN TO THE COMPLAINT (1)* Signed By ORane M. Cornish Jr filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 06/08/2024) |
| 06/09/2024 | 89 | First AFFIDAVIT *Plaintiff's Notification of Safety Concerns and Request for Injunction* Signed By ORane M. Cornish Jr filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 06/09/2024) |
| 06/10/2024 | 90 | ORDER granting 82 Motion to Quash for the reasons stated in ECF No. 55. The Court reiterates, for Plaintiff's benefit, that he may seek information through the discovery process as provided for in the Federal Rules of Civil Procedure. Nor is this litigation the appropriate forum to challenge a response by the Town of Bloomfield, which is not a defendant, or these defendants, to a request made pursuant to a Freedom of Information Act. Because Plaintiff has not established an adequate basis for his requests, he has likewise not established his entitlement to sanctions. To the extent that Plaintiff attempts to raise an intentional infliction of emotional distress claim for the first time, *see* ECF No. 84 , Plaintiff is reminded that he may submit a proposed amended complaint by June 21, 2024, that shall include all claims against all defendants accompanied by a memorandum of law. Signed by Judge Kari A. Dooley on 6/10/2024. (Chambers, J.) (Entered: 06/10/2024) |
| 06/10/2024 | 91 | ORDER re 88 Affidavit. It appears that this motion was intended to be filed in a different case. The Court shall take no action on this request. Signed by Judge Kari A. Dooley on 6/10/2024. (Chambers, J.) (Entered: 06/10/2024) |
| 06/10/2024 | 92 | ORDER denying 89 Request for Injunction. Injunctive relief can only be pursued pursuant to Rule 65, and Plaintiff does not meet the rigorous requirements set forth therein. *See N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) ("A party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest. Because mandatory injunctions disrupt the status quo, a party seeking one must meet a heightened legal standard by showing a clear or substantial likelihood of success on the merits." (citations and quotations omitted)). Further, it does not appear that certain persons or entities against whom Plaintiff seeks this injunction are even named defendants, which is generally a prerequisite to seeking injunctive relief. *See Tobin v. Doe*, No. 3:04–cv–952 (SRU), 2006 WL 680507, at *3 (D. Conn. Mar. 15, 2006). Plaintiff is cautioned that the mere fact that the Plaintiff has litigation pending before this Court does not serve to immerse the Court in Plaintiff's day to day activities or his potential interactions with the Bloomfield Police Department. Nor is it appropriate to ask the Court to communicate with non–parties on Plaintiff's behalf. This, the Court will not do. Signed by Judge Kari A. Dooley on 6/10/2024. (Chambers, J.) (Entered: 06/10/2024) |
| 06/10/2024 | 93 | First AFFIDAVIT *PLAINTIFFS FIRST SET OF DISCOVERY DEMANDS TO DEFENDANTS* Signed By ORane M. Cornish Jr filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 06/10/2024) |

| | | |
|---|---|---|
| 06/11/2024 | 94 | ORDER re 93 Affidavit filed by ORane M. Cornish, Jr. For future reference, Plaintiff is advised that per the Court's Local Rules, discovery is not to be filed on the docket. *See* D. Conn. Local Rule 5(f).<br>Signed by Judge Kari A. Dooley on 6/11/2024. (Chambers, J.) (Entered: 06/11/2024) |
| 06/20/2024 | 95 | AMENDED COMPLAINT *Amended Complaint* against All Defendants, filed by ORane M. Cornish, Jr.(Cornish, ORane) (Entered: 06/20/2024) |
| 07/08/2024 | 96 | MOTION for Extension of Time until August 12, 2024 to file a responsive pleading 95 Amended Complaint by Lebreck, Kelsey Marschall. (Jakiela, Kristan) (Entered: 07/08/2024) |
| 07/08/2024 | 97 | First RESPONSE *PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME* filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 07/08/2024) |
| 07/09/2024 | 98 | ORDER granting over objection 96 Motion for Extension of Time. Defendants shall file a responsive pleading to the 95 Amended Complaint on or before August 12, 2024.<br>Signed by Judge Kari A. Dooley on 7/9/2024. (Chambers, J.) (Entered: 07/09/2024) |
| 07/09/2024 | 99 | Second OBJECTION *Objection to the Court's Granting of Defendants' Motion for Extension of Time* filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 07/09/2024) |
| 07/11/2024 | 100 | First RESPONSE *PLAINTIFFS MOTION FOR SUBPOENA TO COMPEL PRODUCTION OF EVIDENCE* filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 07/11/2024) |
| 07/13/2024 | 101 | First RESPONSE *PLAINTIFF'S MOTION FOR RECONSIDERATION OF IN–PERSON HEARING REQUEST (1)* filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 07/13/2024) |
| 07/15/2024 | 102 | ORDER re 101 Motion for Reconsideration. It appears that this motion was intended to be filed in a different case. The Court shall take no action on this request.<br>Signed by Judge Kari A. Dooley on 7/15/2024. (Chambers, J.) (Entered: 07/15/2024) |
| 07/16/2024 | 103 | First RESPONSE *RESPONSE TO DEFENDANT POLICE OFFICER KELSEY MARSCHALL'S OBJECTIONS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION DATED JUNE 10, 2024* filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 07/16/2024) |
| 07/22/2024 | 104 | MOTION for Extension of Time until August 26, 2024 to respond to plaintiff's motion for subpoena to compel production of evidence 100 and plaintiff's request for subpoena in plaintiff's response to defendant Police Officer Kelsey Marshcall's objections to interrogatories and requests for production [Doc. 103] 103 Response, 100 Response by Lebreck, Kelsey Marschall. (Jakiela, Kristan) (Entered: 07/22/2024) |
| 07/22/2024 | 105 | Third MOTION to Appoint Counsel *MOTION TO REQUEST ATTORNEY* by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 07/22/2024) |
| 07/22/2024 | 106 | Third MOTION to Appoint Counsel *MOTION TO REQUEST ATTORNEY (CORRECTED)* by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 07/22/2024) |
| 07/22/2024 | 107 | First OBJECTION *Objection to Defendants Motion for Extension of Time* filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 07/22/2024) |
| 07/23/2024 | 108 | ORDER granting over objection 104 Motion for Extension of Time. Defendants shall respond to Plaintiff's motions at ECF No. 100 and ECF No. 103 on or before August 26, 2024. The Court notes it is not uncommon for the Court to expand the time period contemplated under the Rules of Federal Civil Procedure to give all parties the opportunity to adequately and appropriately address issues raised in a particular motion.<br>Signed by Judge Kari A. Dooley on 7/23/2024. (Chambers, J.) (Entered: 07/23/2024) |
| 07/23/2024 | 109 | ORDER finding as moot 105 Third Motion to Appoint Counsel in light of Plaintiff's Corrected Motion; denying without prejudice 106 Corrected Third Motion to Appoint Counsel for the reasons previously stated in ECF No. 24 given the early stage of this case and because the record has not been sufficiently developed so as to require reassessment of this issue. |

| | | |
|---|---|---|
| | | Signed by Judge Kari A. Dooley on 7/23/2024. (Chambers, J.) (Entered: 07/23/2024) |
| 07/23/2024 | 110 | First AFFIDAVIT *PLAINTIFF'S MOTION TO ADDRESS PATTERN OF UNUSUAL JUDGMENTS AND COURT PREJUDICE* Signed By ORane M. Cornish Jr filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 07/23/2024) |
| 07/27/2024 | 111 | First RESPONSE *MOTION TO RECONSIDER APPOINTMENT OF COUNSEL* filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 07/27/2024) |
| 07/30/2024 | 112 | ORDER denying 110 Motion to Address Pattern of Unusual Judgments; denying 111 Motion for Reconsideration. The Court construes Plaintiff's filing at ECF No. 110 as seeking reconsideration of the Court's decision granting Defendants' Motion for Extension of Time over his objection.<br><br>"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked –– matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "If 'the moving party is seeking solely to relitigate an issue already decided,' the court should deny the motion for reconsideration and adhere to its prior decision." *Collins v. Blumenthal*, 581 F. Supp. 2d 289, 290 (D. Conn. 2008) (quoting *Shrader*, 70 F.3d at 257) (alterations omitted); *see also Young v. Choinski*, 15 F. Supp. 3d 194, 197 (D. Conn. 2014) ("It is well–settled that a motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'") (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (internal quotation marks omitted)).<br><br>Plaintiff has not identified any controlling decisions or data that the Court overlooked in granting Defendants' Motion for Extension of Time or denying his Motion for Appointment of Counsel. Plaintiff merely seeks to relitigate issues already decided. As previously stated in ECF Nos. 24 & 109, given the early stage of this case, Plaintiff's assessment notwithstanding, the Court is unable to conclude that Plaintiff's claims are likely meritorious so as to warrant the appointment of counsel. Going forward, motions which seek to relitigate issues raised and decided shall be summarily denied if they do not meet the exacting standard set forth above.<br><br>Signed by Judge Kari A. Dooley on 7/30/2024. (Chambers, J.) (Entered: 07/30/2024) |
| 07/30/2024 | 113 | First AFFIDAVIT *MOTION TO ADDRESS PATTERN OF BIAS AND UNFAIR ADVANTAGE IN CASE PROCEEDINGS* Signed By ORane M. Cornish Jr filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 07/30/2024) |
| 08/02/2024 | 114 | First MOTION to Compel *MOTION TO VACATE ORDER GRANTING EXTENSION OF TIME TO DEFENDANTS* by ORane M. Cornish, Jr.Responses due by 8/23/2024 (Cornish, ORane) (Entered: 08/02/2024) |
| 08/12/2024 | 115 | ORDER denying 113 Motion to Address Pattern of Bias; denying 114 Motion to Vacate for the reasons previously stated in ECF No. 112.<br>Signed by Judge Kari A. Dooley on 8/12/2024. (Chambers, J.) (Entered: 08/12/2024) |
| 08/12/2024 | 116 | OBJECTION re 95 Amended Complaint *(Objection to Plaintiff's Motion for Leave to Amend Complaint)* filed by Lebreck, Kelsey Marschall. (Jakiela, Kristan) (Entered: 08/12/2024) |
| 08/14/2024 | 117 | First RESPONSE *PLAINTIFFS RESPONSE TO DEFENDANTS OBJECTIONS TO AMENDED COMPLAINT* filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 08/14/2024) |
| 08/26/2024 | 118 | MOTION to Quash *Subpoena Duces Tecum* by Lebreck, Kelsey Marschall.Responses due by 9/16/2024 (Jakiela, Kristan) (Entered: 08/26/2024) |

| | | |
|---|---|---|
| 08/27/2024 | 119 | Supplemental MOTION to Quash *Subpoena Duces Tecum* by Lebreck, Kelsey Marschall.Responses due by 9/17/2024 (Attachments: # 1 Exhibit A)(Jakiela, Kristan) (Entered: 08/27/2024) |
| 08/28/2024 | 120 | MOTION to Stay re 52 Scheduling Order,,,,,,, by Lebreck, Kelsey Marschall.Responses due by 9/18/2024 (Jakiela, Kristan) (Entered: 08/28/2024) |
| 08/28/2024 | 121 | First RESPONSE *PLAINTIFF'S OBJECTION AND RESPONSE TO DEFENDANT OFFICER KELSEY MARSCHALL'S OBJECTIONS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION* filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 08/28/2024) |
| 08/28/2024 | 122 | First RESPONSE *PLAINTIFF'S OBJECTION AND RESPONSE TO DEFENDANT OFFICER LABRECKS OBJECTIONS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION DATED JUNE 10, 2024* filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 08/28/2024) |
| 08/29/2024 | 123 | ORDER granting 118 Motion to Quash; granting 119 Supplemental Motion to Quash, for the reasons previously articulated in ECF No. 55, namely, that Plaintiff may obtain the information he seeks through the normal discovery process, not by issuing a subpoena *duces tecum* upon Defendants. (*See* ECF No. 100 ). Nor will the Court take up Plaintiff's objections to Defendants' responses to his discovery which he improperly filed at 121 and 122 . Prior to seeking Court intervention through, for example, a motion to compel, Plaintiff must in good faith confer or attempt to confer with Defendants in an effort to resolve any potential discovery dispute without Court intervention. *See* Fed. R. Civ. P. 37(a)(1). For avoidance of doubt, any discovery motions filed absent certification that the parties have adequately met and conferred in good faith will be summarily denied. *See Fiore v. Univ. of Saint Joseph*, No. 3:21–CV–1060 (AWT), 2023 WL 2473009, at *1 (D. Conn. Mar. 13, 2023) (acknowledging that a failure to meet and confer "can and often does justify a court's decision to deny a [discovery motion]"). Signed by Judge Kari A. Dooley on August 29, 2024. (Spears, Andrew) (Entered: 08/29/2024) |
| 09/05/2024 | 124 | First MOTION to Compel *PLAINTIFFS MOTION TO COMPEL DISCOVERY PRODUCTION* by ORane M. Cornish, Jr.Responses due by 9/26/2024 (Cornish, ORane) (Entered: 09/05/2024) |
| 09/06/2024 | 125 | ORDER denying 124 Motion to Compel for the reasons previously articulated (*see* ECF No. 123 ("any discovery motions filed absent certification that the parties have adequately met and conferred in good faith will be summarily denied.")). Signed by Judge Kari A. Dooley on September 6, 2024. (Spears, Andrew) (Entered: 09/06/2024) |
| 09/08/2024 | 126 | First MOTION to Compel *CERTIFICATION OF GOOD FAITH EFFORTS TO RESOLVE DISCOVERY DISPUTES* by ORane M. Cornish, Jr.Responses due by 9/29/2024 (Cornish, ORane) (Entered: 09/08/2024) |
| 09/08/2024 | 127 | Third MOTION to Compel *MOTION TO COMPEL DISCOVERY* by ORane M. Cornish, Jr.Responses due by 9/29/2024 (Cornish, ORane) (Entered: 09/08/2024) |
| 09/12/2024 | 128 | ORDER re: 95 Amended Complaint. See attached. Signed by Judge Kari A. Dooley on September 12, 2024. (Spears, Andrew) (Entered: 09/12/2024) |
| 09/12/2024 | 129 | First MOTION for Reconsideration *PLAINTIFF'S OBJECTION TO THE COURT'S ORDER DATED SEPTEMBER 12, 2024, AND MOTION FOR RECONSIDERATION* by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 09/12/2024) |
| 09/16/2024 | 130 | First RESPONSE *PLAINTIFFS OBJECTION TO DEFENDANTS MOTION TO DISMISS* filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 09/16/2024) |
| 09/17/2024 | 131 | ORDER: Plaintiff has filed what purports to be an objection to Defendant's Motion to Dismiss, but which appears to have been filed in the wrong case insofar as it pertains to Case No. 3:24–cv–875 (SVN). *See* ECF No. 130. Accordingly, the Court shall take no action on this submission in this case. Signed by Judge Kari A. Dooley on September 17, 2024. (Spears, Andrew) (Entered: 09/17/2024) |
| 09/19/2024 | 132 | ORDER denying 120 Motion to Stay Discovery. Generally, it is not the practice of this Court to stay discovery upon the filing of a motion to dismiss. *See, e.g., Kollar v. Allstate Ins. Co.*, No. 3:16–CV–01927 (VAB), 2017 WL 10992213, at *1 (D. Conn. |

Nov. 6, 2017) ("[T]his Court's regular practice normally requires the parties to commence discovery, even while a motion to dismiss is pending"); *see also, e.g.*, *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) ("Discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed") (quotation marks omitted); *Moss v. Hollis*, No. CIV. B–90–177 (PCD), 1990 WL 138531, at *1 (D. Conn. June 29, 1990) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, they would contain such a provision."). Indeed, the Court's Standing Order on Pretrial Deadlines states that "[t]he filing of a motion to dismiss shall not result in a stay of discovery or extend the time for completing discovery." ECF No. 4. Nonetheless, "[i]n determining whether good cause exists for a stay of discovery" while a potentially dispositive motion is pending, this Court considers three factors: "(1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non–moving party." *Lithgow v. Edelmann*, 247 F.R.D. 61, 62 (D. Conn. 2007). In evaluating the first factor, "courts will look to see whether there are 'substantial arguments for dismissal,' or, stated differently, whether 'there has been a strong showing that the plaintiff's claim is' without merit." *Stanley Works Israel Ltd. v. 500 Grp., Inc.*, No. 3:17–CV–1765 (CSH), 2018 WL 1960112, at *3 (D. Conn. Apr. 26, 2018). In assessing the second factor, the Court may consider the burden of responding to discovery. *See, e.g.*, *Country Club of Fairfield, Inc. v. New Hampshire Ins. Co.*, No. 3:13–CV–00509 (VLB), 2014 WL 3895923, at *3 (D. Conn. Aug. 8, 2014).

Defendants' Motion to Dismiss primarily argues that Plaintiff's false arrest claim should be dismissed because it fails to sufficiently allege that Defendants lacked probable cause to effectuate Plaintiff's arrest on the basis of a witness statement. ECF No. 58. Defendants also contend that Plaintiff's claim is time–barred. *See id*. However, Magistrate Judge Spector's Recommended Rulings––which this Court has explicitly adopted––did not find Plaintiff's false arrest claim to be untimely, and further found that Plaintiff plausibly alleged that Officer Marschall lacked probable cause to arrest Plaintiff on the basis of a witness statement. *See* ECF Nos. 12, 15, 18. Accordingly, and without yet resolving these or any other issues raised in the Motion to Dismiss, the Court concludes that Plaintiff's claims are not so clearly without merit as to warrant a finding that this factor favors a stay of discovery. The breadth of discovery sought also does not weigh in favor of a stay, insofar as the scope of the discovery sought by Plaintiff does not appear to be overly burdensome, and Defendants have already objected to the production of certain materials that they consider irrelevant and/or disproportionate. *See* ECF Nos. 93, 126. Plaintiff's resulting Motion to Compel remains pending, and will be taken up in due course. *See* ECF No. 127. While the Court is not convinced that Plaintiff will suffer great prejudice from the requested stay, it nonetheless concludes that, on balance, the relevant factors weigh against a stay of discovery in this case. Accordingly, Defendants' Motion to Stay Discovery is **DENIED**. Signed by Judge Kari A. Dooley on September 19, 2024. (Spears, Andrew) (Entered: 09/19/2024)

| | | |
|---|---|---|
| 09/20/2024 | 133 | ORDER denying 129 Motion for Reconsideration. "A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked––matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "If 'the moving party is seeking solely to relitigate an issue already decided,' the court should deny the motion for reconsideration and adhere to its prior decision." *Collins v. Blumenthal*, 581 F. Supp. 2d 289, 290 (D. Conn. 2008) (quoting *Shrader*, 70 F.3d at 257) (alterations omitted); *see also Young v. Choinski*, 15 F. Supp. 3d 194, 197 (D. Conn. 2014) ("It is well–settled that a motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'") (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (internal quotation marks omitted)).<br><br>Plaintiff first argues that the Court erroneously declined to permit the Proposed SAC "based solely on procedural grounds," and otherwise should have afforded Plaintiff |

| | | |
|---|---|---|
| | | greater leeway as a *pro se* litigant. However, the Court did in fact consider the "substantive merits of the amendments," and concluded that the new allegations set forth against Officer Downs and Officer O'Bright would not survive a motion to dismiss. *See* ECF No. 128 at 5 n.2. The Court also explicitly acknowledged Plaintiff's status as a *pro se* litigant while emphasizing his repeated failure to comply with the Federal Rules of Civil Procedure and the Court's explicit instructions, and ultimately determining that "a court's special solicitude towards *pro se* litigants does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights." *See id.* at 34 (citing *Brady v. Goldman*, No. 16–CV–2287 (GBD) (SN), 2017 WL 486258, at *3 (S.D.N.Y. Jan. 10, 2017)). Plaintiff further insists that the Court's dismissal of Chief Hammick and the Town of Bloomfield was premature and in violation of his due process rights, but in doing so, he ignores that this Court dismissed those defendants with prejudice over seven months ago, and his time to seek reconsideration of that particular order has long since passed. *See* Local R. Civ. P. 7(c) ("[Motions for reconsideration] shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought..."). In general, Plaintiff does not point to controlling decisions or data that the court overlooked, and otherwise seeks to relitigate issues already decided. Accordingly, the Motion for Reconsideration is **DENIED**. Signed by Judge Kari A. Dooley on September 20, 2024. (Spears, Andrew) (Entered: 09/20/2024) |
| 09/21/2024 | 134 | First MOTION to Amend/Correct *PLAINTIFFS MOTION TO REINFORCE DEFENDANT LIABILITY AND COLLUSION BETWEEN OFFICER DOWNS AND KELSEY MARSHALL AND REQUEST TO AMEND COMPLAINT* by ORane M. Cornish, Jr.Responses due by 10/12/2024 (Cornish, ORane) (Entered: 09/21/2024) |
| 09/23/2024 | 135 | ORDER REFERRING CASE to Magistrate Judge Robert M. Spector for a ruling on 127 Third MOTION to Compel *MOTION TO COMPEL DISCOVERY*. Signed by Judge Kari A. Dooley on 9/23/2024. Motion referred to Magistrate Judge Robert M. Spector. (Gould, K) (Entered: 09/23/2024) |
| 09/23/2024 | 136 | NOTICE OF E–FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. A Discovery Conference is set for **10/01/2024 at 02:30 PM** before Judge Robert M. Spector. NOTICE regarding hearing via Zoom: The Discovery Conference scheduled for 10/01/2024 at 2:30 PM will be conducted via Zoom.<br><br>**The parties should be prepared to discuss whether any of the issues can be resolved and/or whether briefing should be scheduled.**<br><br>Call–in and Public Access Number: +1 646 828 7666<br><br>Meeting ID: 160 100 6606<br><br>Meeting Password: 407774<br><br>*The Court will distribute the video link to the parties via email.*<br><br>Please note: **Members of the public are permitted to join this hearing by audio only using the public access number above. Video participation is permitted by the parties and counsel only.** This is in accordance with the remote access policies of the Judicial Conference of the United States, which governs the practices of the federal courts. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. Violation of these prohibitions may result in sanctions, including restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court. (Lee, Elisabeth) (Entered: 09/23/2024) |
| 09/24/2024 | 137 | NOTICE OF E–FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. *RESET FROM 2:30 PM to 3:00 PM*. The Discovery Conference via Zoom is now set for **10/1/2024 at 03:00 PM** before Judge Robert M. Spector. The Zoom access information listed in |

| | | |
|---|---|---|
| | | NEF #136 remains the same. (Langello, N) (Entered: 09/24/2024) |
| 09/27/2024 | 138 | First MOTION to Amend/Correct *PLAINTIFFS RESPONSE TO DEFENDANTS' OBJECTION TO PLAINTIFFS MOTION FOR DEFAULT JUDGMENT* by ORane M. Cornish, Jr.Responses due by 10/18/2024 (Cornish, ORane) (Entered: 09/27/2024) |
| 09/27/2024 | 139 | OBJECTION re 127 Third MOTION to Compel *MOTION TO COMPEL DISCOVERY*, 126 First MOTION to Compel *CERTIFICATION OF GOOD FAITH EFFORTS TO RESOLVE DISCOVERY DISPUTES (Objections to Motions to Compel Compliance)* filed by Lebreck, Kelsey Marschall. (Attachments: # 1 Exhibit A)(Jakiela, Kristan) (Entered: 09/27/2024) |
| 10/01/2024 | 140 | NOTICE OF E–FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. The plaintiff did not appear at today's Zoom Discovery Conference. Accordingly, the Court schedules a telephonic Discovery Conference for **10/10/2024 at 09:30 AM** before Judge Robert M. Spector. The plaintiff is ordered to appear. **Please use the following dial–in for this call: (877) 873–8017; Access Code: 7040261.** (Lee, Elisabeth) (Entered: 10/01/2024) |
| 10/01/2024 | 141 | Minute Entry for proceedings held before Judge Robert M. Spector: Discovery Conference held on 10/1/2024. The plaintiff did not join the Zoom. 4 minutes (Court Reporter CourtSmart.) (Langello, N) (Entered: 10/01/2024) |
| 10/01/2024 | 142 | NOTICE OF E–FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. *RESET FROM 10/10/2024 at 9:30 AM.* The plaintiff did not appear at today's Zoom Discovery Conference. The Court scheduled a telephonic Discovery Conference for 10/10/2024 at 09:30 AM but was subsequently informed that the plaintiff has a conflict. The telephonic Discovery Conference is now rescheduled for **10/10/2024 at 02:30 PM.** The plaintiff is ordered to appear. **Please use the following dial–in for this call: (877) 873–8017; Access Code: 7040261.** (Lee, Elisabeth) (Entered: 10/01/2024) |
| 10/10/2024 | 143 | Minute Entry for proceedings held before Judge Robert M. Spector: Telephonic Discovery Conference held on 10/10/2024. 25 minutes (Court Reporter CourtSmart.) (Langello, N) (Entered: 10/10/2024) |
| 10/11/2024 | 144 | ORDER granting in part and denying in part 127 Third MOTION to Compel *MOTION TO COMPEL DISCOVERY.* During today's discovery conference, all five issues raised in the plaintiff's Motion were discussed. The Court did not address the defendant's additional objections that were not the subject of the Motion.

*Issue 1*: The plaintiff requests body camera footage from September 22, 2020. The defendant stated that it has produced body camera footage from Sergeant Downs, which is the only footage available. The defendant clarified that it is not in possession of video footage from the lobby. As discussed during the conference, the Court ORDERS the defendant to produce all videotape footage from September 22, 2020, as it is relevant and proportional to this false arrest case. To the extent the defendant later identifies responsive footage that it has not yet produced, it shall immediately produce the discovery to the plaintiff.

*Issue 2*: The plaintiff seeks cruiser and body camera footage from December 20, 2020, regarding an incident between the plaintiff and Defendant Marschall. The Court ORDERS the defendant to produce responsive footage on or before **November 11, 2024**.

*Issue 3*: The plaintiff seeks Sergeant Downs' and Defendant Marschall's disciplinary records. The defendant clarified that there have been no internal investigations concerning any similar allegations of misconduct lodged by other individuals, *i.e.*, "inadequate police investigations, racial profiling, excessive force and/or false arrest." (Doc. No. 139 at 3). As discussed during the conference, the Court ORDERS the defendant to disclose disciplinary actions, reprimands, and/or findings of untruthfulness regarding these individuals on or before **November 11, 2024**. |

| | | |
|---|---|---|
| | | *Issue 4*: As clarified during the discovery conference, this issue is MOOT insofar as the defendant represents the date of the audio recording identified in the file name is the accurate date. |
| | | *Issue 5*: The plaintiff seeks the victim call from September 22, 2020, as well as the body camera footage of all conversations surrounding the complaint. While the defendant withheld this discovery based on privilege, it conceded that the complainant statement, family violence offense report, and 911 (and/or complainant) call –– as identified on the privilege log –– would likely be introduced as evidence in a trial. Furthermore, it is undisputed that the plaintiff knows the identities of the person making the 911 (and/or complainant) call and person(s) giving statements to the police. The parties agreed that such discovery is subject to the Standing Protective Order, and the plaintiff agreed to return or destroy the evidence when the case concludes. Accordingly, the Court ORDERS the defendant to disclose the complainant statement, family violence offense report, and 911 (and/or complainant) call on or before **November 11, 2024**. The Court permits the defendant to redact individuals' identities in the complainant statement and family violence offense report. Signed by Judge Robert M. Spector on 10/11/2024. (Lee, Elisabeth) Modified to link to the correct motion on 10/15/2024 (Langello, N). (Entered: 10/11/2024) |
| 10/15/2024 | | Docket Entry Correction re 144 Order on Motion to Compel. The order was modified to correctly link it to Motion 127 . (Langello, N) (Entered: 10/15/2024) |
| 10/15/2024 | 145 | ORDER finding as moot 126 Motion to Compel CERTIFICATION OF GOOD FAITH EFFORTS TO RESOLVE DISCOVERY DISPUTES, in light of the 144 Order granting in part and denying in part Plaintiff's 127 Motion to Compel. Signed by Judge Kari A. Dooley on October 15, 2024. (Spears, A.) (Entered: 10/15/2024) |
| 10/17/2024 | 146 | OBJECTION re 134 First MOTION to Amend/Correct *PLAINTIFFS MOTION TO REINFORCE DEFENDANT LIABILITY AND COLLUSION BETWEEN OFFICER DOWNS AND KELSEY MARSHALL AND REQUEST TO AMEND COMPLAINT* filed by Lebreck, Kelsey Marschall. (Jakiela, Kristan) (Entered: 10/17/2024) |
| 10/17/2024 | 147 | MOTION for Extension of Time until November 21, 2024 to respond to plaintiff's second set of interrogatories and request for production of documents to the defendants by Lebreck, Kelsey Marschall. (Jakiela, Kristan) (Entered: 10/17/2024) |
| 10/18/2024 | 148 | OBJECTION re 138 First MOTION to Amend/Correct *PLAINTIFFS RESPONSE TO DEFENDANTS' OBJECTION TO PLAINTIFFS MOTION FOR DEFAULT JUDGMENT (Objection to Plaintiff's Motion to Re–Add the Town of Bloomfield as Defendant)* filed by Lebreck, Kelsey Marschall. (Jakiela, Kristan) (Entered: 10/18/2024) |
| 10/18/2024 | 149 | ORDER granting 147 MOTION for Extension of Time until November 21, 2024 to respond to plaintiff's second set of interrogatories and request for production of documents to the defendants for good cause shown. *See* D. Conn. L. Civ. R. 7(b). The discovery deadline remains April 26, 2025, and all discovery must still be completed by that date. (Doc. No. 52). Signed by Judge Robert M. Spector on 10/18/2024. (Lee, Elisabeth) (Entered: 10/18/2024) |
| 10/27/2024 | 150 | First RESPONSE *PLAINTIFFS RESPONSE TO DEFENDANTS OBJECTION TO MOTION TO REINFORCE DEFENDANT LIABILITY AND COLLUSION BETWEEN OFFICER DOWNS AND KELSEY MARSHALL AND REQUEST TO AMEND COMPLAINT* filed by ORane M. Cornish, Jr. (Cornish, ORane) Modified on 10/29/2024 to correct event type. (Fanelle, N.) (Entered: 10/27/2024) |
| 10/27/2024 | 151 | First MOTION to Compel *EMERGENCY MOTION FOR IMMEDIATE HOUSING ACCOMMODATIONS* by ORane M. Cornish, Jr.Responses due by 11/17/2024 (Cornish, ORane) (Entered: 10/27/2024) |
| 10/29/2024 | 152 | ORDER: On October 27, 2024, Plaintiff filed what purports to be a reply brief in further support of his 134 Motion to Amend. *See* ECF No. 150. Plaintiff's Motion to Amend will be taken up by the Court in due course. However, to the extent Plaintiff's submission also seeks relief pursuant to Fed. R. Civ. P. 37(b)(2)(A) arising out of Defendants' purported failure to comply with Magistrate Judge Spector's discovery order, *see* ECF No. 144, the submission will be referred to Judge Spector for resolution. Signed by Judge Kari A. Dooley on October 29, 2024. (Spears, A) |

| | | |
|---|---|---|
| | | (Entered: 10/29/2024) |
| 10/29/2024 | 153 | ORDER REFERRING CASE to Magistrate Judge Robert M. Spector for a ruling as to the discovery dispute raised by Plaintiff in the 150 Response<br>Signed by Judge Kari A. Dooley on 10/29/2024. Motion referred, in part, to Magistrate Judge Robert M. Spector.(Gould, K) (Entered: 10/29/2024) |
| 10/29/2024 | 154 | ORDER denying 151 Motion to Compel. Plaintiff seeks an order compelling the Town of Bloomfield to provide him "with housing for the duration of this litigation," insofar as Defendants' alleged misconduct caused Plaintiff to be homeless. The Court construes Plaintiff's Motion to Compel as a request for affirmative injunctive relief, and for the reasons set forth herein, the Motion is **DENIED**.<br><br>"Issuance of preliminary injunctive relief, such as a TRO or preliminary injunction, is an 'extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Reidy*, 477 F. Supp. 2d 472, 474 (D. Conn. 2007) (quoting *Moore v. Consol. Edison Co. of N.Y.*, Inc., 409 F.3d 506, 510 (2d Cir. 2005)). "The purpose of a temporary restraining order is to preserve an existing situation in status quo until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." *Maxum Petroleum, Inc. v. Hiatt*, No. 3:16–CV–1615 (VLB), 2016 WL 5496283, at *1 (D. Conn. Sept. 28, 2016) (quoting *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 107 (2d Cir. 2009)). The moving party must "establish '(1) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor, and (2) irreparable harm in the absence of the injunction.'" *Kelly v. Honeywell Int'l, Inc.*, 933 F.3d 173, 18384 (2d Cir. 2019) (quoting *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 116 (2d Cir. 2009)). However, "when the injunction sought 'will alter rather than maintain the status quo' the movant must show 'clear' or 'substantial' likelihood of success." *No Spray Coal., Inc. v. City of New York*, 252 F.3d 148, 150 (2d Cir. 2001) (*per curiam*).<br><br>Here, Plaintiff seeks not to preserve the status quo but instead seeks a mandatory injunction. He has not demonstrated entitlement to the relief he seeks. First, Plaintiff's assertions as to both irreparable harm and the likelihood of success on the merits are wholly conclusory and otherwise insufficient to meet the rigorous requirements for obtaining injunctive relief. *See, e.g.*, *PA Realty Grp., LLC v. Hornbeck*, No. 3:16–CV–630 (VLB), 2016 WL 2944155, at **1–2 (D. Conn. May 20, 2016) (denying request for preliminary relief where supporting declarations were conclusory in nature and the risk of injury speculative). Moreover, and perhaps dispositive on the issue, Plaintiff seeks an injunction against the Town of Bloomfield, which is no longer a party to this litigation having been dismissed as a Defendant. *See* ECF Nos. 12, 18. It is axiomatic that the Court cannot enjoin non–parties to the litigation. *See Cooke v. Kenny*, No. 3:21–CV–1244 (SALM), 2022 WL 168787, at *3 (D. Conn. Jan. 19, 2022) ("Inasmuch as Plaintiff seeks injunctive relief against a non–party, such relief is not available.") (citation omitted).<br>For all of these reasons, the Motion to Compel is **DENIED**. It is so ordered. Signed by Judge Kari A. Dooley on October 29, 2024. (Spears, A) (Entered: 10/29/2024) |
| 10/29/2024 | 155 | ORDER: In the 150 First RESPONSE *PLAINTIFFS RESPONSE TO DEFENDANTS OBJECTION TO MOTION TO REINFORCE DEFENDANT LIABILITY AND COLLUSION BETWEEN OFFICER DOWNS AND KELSEY MARSHALL AND REQUEST TO AMEND COMPLAINT*, the plaintiff states that the defendants still have not complied with the Court's Order (Doc. No. 144). To the extent there is confusion, the Court summarizes its Order (Doc. No. 144) herein. With respect to Issue 1, defense counsel represented during the discovery hearing on October 10, 2024, that the defendants are not in possession of responsive document. If the defendants later discover responsive documents, they shall immediately produce them pursuant to the Court's Order (Doc. No. 144). For Issues 2, 3 and 5, the Court reiterates that the defendants' deadline to produce responsive documents is **November 11, 2024**. In other words, the plaintiff's assertion that the defendants' are non–compliant is premature. Issue 4 is moot. Once the deadline passes on November 11, 2024, the plaintiff may file a Status Report indicating whether the defendants' production satisfies the Court's Order. If he believes the production is not compliant, he shall list each Issue and explain why he believes the defendants are in violation of the Court's Order (Doc. No. |

| | | |
|---|---|---|
| | | 144). Accordingly, the discovery dispute raised in Doc. No. 150 is DENIED as premature. Signed by Judge Robert M. Spector on 10/29/2024. (Lee, Elisabeth) (Entered: 10/29/2024) |
| 11/06/2024 | 156 | ORDER denying 134 , 138 Motions to Amend. On September 12, 2024, the Court entered an order declining to accept Plaintiff's Proposed Second Amended Complaint (ECF No. 95), and instructing that this case will proceed with the 14 Amended Complaint as its operative pleading. *See* ECF No. 128. The Court rejected the Proposed SAC due to, *inter alia*, Plaintiff's repeated failure to comply with the Federal Rules of Civil Procedure and the Court's explicit instructions regarding filing a proper motion to amend. *See id.* Thereafter, on September 21, 2024 and September 27, 2024, Plaintiff submitted two filings which purport to seek leave to amend. ECF Nos. 134, 138. Plaintiff's 134 Motion to Amend seeks to "reinforce the liability of Officer Downs," and reinstate Officer Downs as a Defendant. Plaintiff's 138 Motion to Amend seeks to reinstate Chief Hammick and the Town of Bloomfield as Defendants, based on "new video evidence" and a recording made by Plaintiff of a conversation he had with Sergeant Thomas on September 26, 2024 regarding his various state Freedom of Information ("FOI") requests. As with Plaintiff's numerous prior efforts to amend, these motions likewise fail to comply with the Federal Rules of Civil Procedure and the Court's explicit instructions regarding filing a proper motion to amend. For that reason alone, the Court denies Plaintiff's 134 and 138 Motions to Amend. Nevertheless, the Court observes that it has twice previously rejected Plaintiff's efforts to add Officer Downs as a Defendant, *see* ECF Nos. 75, 128, and has dismissed Chief Hammick and the Town of Bloomfield from this case with prejudice, see ECF No. 18. The Court thereafter denied Plaintiff's Motion for Reconsideration of the Court's 95 Order, in part because Plaintiff merely sought to relitigate issues already decided. *See* ECF No. 133. The same is true of Plaintiff's latest efforts to amend. Indeed, to permit further amendment now would be to ensure duplicative and unnecessary litigation. Moreover, to the extent Plaintiff seeks to add a state FOI claim, any such amendment would be futile because: (a) it arises under Connecticut state law and is therefore not cognizable under Section 1983; and (b) any denial Plaintiff's FOI request(s) does not implicate his Fourteenth Amendment due process rights cognizable in a Section 1983 action. *See Jones v. Hakins*, No. 3:19–CV–221 (VAB), 2020 WL 509856, at *3 (D. Conn. Jan. 31, 2020) ("Violations of state law... are not cognizable under Section 1983."); *Abreu v. Farley*, No. 11–CV–06251 (EAW), 2019 WL 1230778, at *7 n.6 (W.D.N.Y. Mar. 15, 2019) (finding no cognizable Fourteenth Amendment claim where state remedies were available for a state freedom of information claim). For all of these reasons, Plaintiff's Motions to Amend are **DENIED**. It is so ordered. Signed by Judge Kari A. Dooley on November 6, 2024. (Spears, A) (Entered: 11/06/2024) |
| 11/06/2024 | 157 | ORDER granting in part and denying in part 58 Motion to Dismiss. See attached. The Clerk of the Court is directed to terminate Officer LaBreck as a Defendant. Signed by Judge Kari A. Dooley on November 6, 2024. (Spears, A) (Entered: 11/06/2024) |
| 11/06/2024 | 158 | First AFFIDAVIT *AFFIDAVIT IN SUPPORT OF MOTION FOR RECUSAL, OVERSIGHT, AND INVESTIGATION INTO JUDGE KARI A. DOOLEYS IMPARTIALITY AND CONDUCT* Signed By ORane M. Cornish Jr filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 11/06/2024) |
| 11/06/2024 | 159 | First MOTION to Transfer/Disqualify/Recuse Judge *PLAINTIFFS MOTION FOR REVIEW OF JUDGE KARI A. DOOLEYS ORDERS, RECUSAL, AND INVESTIGATION INTO POTENTIAL JUDICIAL BIAS* by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 11/06/2024) |
| 11/06/2024 | 160 | First MOTION to Vacate *MOTION TO VACATE ORDERS 156 AND 157 DUE TO MISAPPLICATION OF LAW AND BIAS AGAINST PLAINTIFF* by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 11/06/2024) |
| 11/06/2024 | 161 | First MOTION for Reconsideration *Motion to Revoke Denial of FOI Evidence and Reinforce Federal Jurisdiction in 42 U.S.C. § 1983 Case* by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 11/06/2024) |
| 11/07/2024 | 162 | First MOTION to Transfer/Disqualify/Recuse Judge *MOTION FOR DISQUALIFICATION OF JUDGE KARI DOOLEY, SECOND CIRCUIT REVIEW AND REQUEST TO ADD HER AS A DEFENDANT BASED ON ALLEGATIONS OF BIAS, OBSTRUCTION, MISINFORMATION, AND VIOLATIONS OF FEDERAL LAW* |

| | | by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 11/07/2024) |
|---|---|---|
| 11/07/2024 | 163 | First MOTION to Vacate *MOTION TO VACATE ORDERS 156 AND 157 ISSUED BY JUDGE KARI A. DOOLEY FOR OBSTRUCTION OF DISCOVERY* by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 11/07/2024) |
| 11/08/2024 | 164 | First MOTION to Amend/Correct *PLAINTIFF'S MOTION TO REFILE COMPLAINT WITH NEWLY DISCOVERED EVIDENCE AND TO REASSIGN THE CASE TO A NEW JUDGE DUE TO JUDICIAL INTERFERENCE* by ORane M. Cornish, Jr.Responses due by 11/29/2024 (Cornish, ORane) (Entered: 11/08/2024) |
| 11/10/2024 | 165 | First MOTION for Sanctions *PLAINTIFFS MOTION TO BRING TO COURTS ATTENTION EVIDENCE OF POTENTIAL BIAS AND EX PARTE COMMUNICATIONS BETWEEN DEFENDANTS AND PRESIDING JUDGE KARI A. DOOLEY* by ORane M. Cornish, Jr.Responses due by 12/1/2024 (Attachments: # 1 Exhibit PLAINTIFFS RESPONSE TO OFFICER KELSEY MARSCHALLS OBJECTIONS TO INTERROGATORIES TOOFFICER KELSEY MARSCHALL DATED OCTOBER 6, 2024, # 2 Exhibit OFFICER KELSEY MARSCHALLS OBJECTIONS TO INTERROGATORIES TO OFFICER KELSEY MARSCHALL DATED OCTOBER 6, 2024)(Cornish, ORane) (Entered: 11/10/2024) |
| 11/15/2024 | 166 | First MOTION for Clarification *MOTION FOR CLARIFICATION, EVIDENTIARY DISCLOSURE, AND REQUEST FOR SANCTIONS AND ADVERSE INFERENCE* by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 11/15/2024) |
| 12/02/2024 | 167 | OBJECTION re 164 First MOTION to Amend/Correct *PLAINTIFF'S MOTION TO REFILE COMPLAINT WITH NEWLY DISCOVERED EVIDENCE AND TO REASSIGN THE CASE TO A NEW JUDGE DUE TO JUDICIAL INTERFERENCE*, 166 First MOTION for Clarification *MOTION FOR CLARIFICATION, EVIDENTIARY DISCLOSURE, AND REQUEST FOR SANCTIONS AND ADVERSE INFERENCE*, 165 First MOTION for Sanctions *PLAINTIFFS MOTION TO BRING TO COURTS ATTENTION EVIDENCE OF POTENTIAL BIAS AND EX PARTE COMMUNICATIONS BETWEEN DEFENDANTS AND PRESIDING JUDGE KARI A. DOOLEY (Objections to Plaintiff's Motions to Amend Complaint and Impose Sanctions)* filed by Kelsey Marschall. (Jakiela, Kristan) (Entered: 12/02/2024) |
| 12/03/2024 | 168 | First MOTION to Compel *PLAINTIFFS MOTION IN OPPOSITION TO SANCTIONS AGAINST PLAINTIFF AND IN SUPPORT OF DEFAULT JUDGMENT AGAINST DEFENDANTS* by ORane M. Cornish, Jr.Responses due by 12/24/2024 (Cornish, ORane) (Entered: 12/03/2024) |
| 12/04/2024 | 169 | ORDER REFERRING CASE to Magistrate Judge Robert M. Spector for for a ruling on the discovery dispute and related request for sanctions raised by Plaintiff in 168 First MOTION to Compel *PLAINTIFFS MOTION IN OPPOSITION TO SANCTIONS AGAINST PLAINTIFF AND IN SUPPORT OF DEFAULT JUDGMENT AGAINST DEFENDANTS.* Signed by Judge Kari A. Dooley on 12/4/2024. Motion referred to Magistrate Judge Robert M. Spector.(Gould, K) (Entered: 12/04/2024) |
| 12/05/2024 | 170 | NOTICE OF E–FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. A Discovery Conference is set for **12/17/2024 at 02:00 PM** before Judge Robert M. Spector. NOTICE regarding hearing via Zoom: The Discovery Conference scheduled for 12/12/2024 at 2:00 PM will be conducted via Zoom. **The defendant may but is not required to file an opposition in advance of the hearing. To the extent that the defendant files an opposition, it should be docketed on or before December 13, 2024.** Call–in and Public Access Number: +1 646 828 7666 Meeting ID: 160 209 8670 Meeting Password: 054781 |

| | | |
|---|---|---|
| | | *The Court will distribute the video link to the parties via email.*<br><br>Please note: **Members of the public are permitted to join this hearing by audio only using the public access number above. Video participation is permitted by the parties and counsel only.** This is in accordance with the remote access policies of the Judicial Conference of the United States, which governs the practices of the federal courts. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. Violation of these prohibitions may result in sanctions, including restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court. (Lee, Elisabeth) (Entered: 12/05/2024) |
| 12/10/2024 | 171 | NOTICE OF E–FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. *RESET from 12/12/2024 (typo)*. A Discovery Conference is set for **12/17/2024 at 02:00 PM** before Judge Robert M. Spector. NOTICE regarding hearing via Zoom: The Discovery Conference scheduled for 12/17/2024 at 2:00 PM will be conducted via Zoom.<br><br>**The defendant may but is not required to file an opposition in advance of the hearing. To the extent that the defendant files an opposition, it should be docketed on or before December 13, 2024.**<br><br>Call–in and Public Access Number: +1 646 828 7666<br><br>Meeting ID: 160 209 8670<br><br>Meeting Password: 054781<br><br>*The Court will distribute the video link to the parties via email.*<br><br>Please note: **Members of the public are permitted to join this hearing by audio only using the public access number above. Video participation is permitted by the parties and counsel only.** This is in accordance with the remote access policies of the Judicial Conference of the United States, which governs the practices of the federal courts. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. Violation of these prohibitions may result in sanctions, including restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court. (Langello, N) (Entered: 12/10/2024) |
| 12/17/2024 | 172 | Minute Entry for proceedings held before Judge Robert M. Spector: Discovery Conference held on 12/17/2024. 53 minutes (Court Reporter CourtSmart.) (Langello, N) (Entered: 12/17/2024) |
| 12/18/2024 | 173 | ORDER denying in part and finding as moot in part 168 Motion to Compel. In summary, the plaintiff's motion to compel requested four distinct forms of relief: (1) a denial of sanctions against the plaintiff on the grounds the defendants' request is baseless, (2) a court order that the defendants answer interrogatories notwithstanding previously lodged objections, (3) sanctions against the defendants for failing to comply with their discovery obligations, and (4) an investigation into improper judicial conduct. At the discovery conference held December 17, 2024, defense counsel clarified that the defendants have not moved for sanctions. Therefore, Issue One is MOOT. For the remaining topics, based on the district court's referral at Doc. No. 169 –– referring the case "for a ruling on the discovery dispute and related request for sanctions raised by Plaintiff in 168 First MOTION to Compel" –– the undersigned addressed all but the fourth issue.<br><br>*Issue Two*: Along with the motion to compel, the plaintiff filed Officer Kelsey Marschall's objections and responses to sixteen interrogatories that he served on October 6, 2024. (Doc. No. 168 at 722). The defendants lodged objections but also included responses notwithstanding the objections to fifteen out of sixteen of the interrogatories. The Court reviewed each interrogatory response with the plaintiff, and |

|  |  |  |
|---|---|---|
|  |  | the plaintiff confirmed he understands the meaning of each response. Based on the matters discussed during the discovery conference and the fact that the defendant answered fifteen out of sixteen interrogatories notwithstanding the objections, the Court DENIES the motion as to Issue Two.<br><br>***Issue Three***: The plaintiff seeks sanctions against the defendants for failing to satisfy their discovery obligations. Having reviewed all interrogatories with the parties and denying the motion as to Issue Two, the Court finds the defendants did not violate their discovery obligations as to this issue. The Court then reviewed its discovery order at Doc. No. 144 in which it compelled the defendants to produce specific documents. Defense counsel clarified that they complied with the order and do not have additional documents, including video footage. Based on defense counsel's representations, the Court finds the defendants have satisfied their discovery obligations. Should the defendants discover responsive documents in the future, they shall supplement the discovery pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure. Therefore, the motion is DENIED as to Issue Three. Signed by Judge Robert M. Spector on 12/18/2024. (Lee, Elisabeth) (Entered: 12/18/2024) |
| 12/18/2024 | <u>174</u> | First RESPONSE *PLAINTIFFS RESPONSE TO THE COURTS ORDER ON MOTION TO COMPEL doc 173* filed by ORane M. Cornish, Jr. (Attachments: # <u>1</u> Exhibit defendats answers on 11–5–2024 to plaintiffs interogatorries)(Cornish, ORane) (Entered: 12/18/2024) |
| 12/27/2024 | 175 | ORDER denying <u>159</u> Motion to Transfer/Disqualify/Recuse Judge; denying <u>160</u> Motion to Vacate; denying <u>161</u> Motion for Reconsideration; denying <u>162</u> Motion to Transfer/Disqualify/Recuse Judge; denying <u>163</u> Motion to Vacate. On November 6, 2024, the Court denied Plaintiff's <u>134</u> and <u>138</u> motions to amend, and granted in part and denied in part Defendants' <u>58</u> Motion to Dismiss. ECF Nos. 156, 157. Over the next two days, Plaintiff filed four motions seeking: (1) the recusal of, and investigation into, the undersigned for purported misconduct; (2) vacatur and/or independent review of the Court's prior orders; and/or (3) broadly speaking, reconsideration of the Court's orders on Plaintiff's motions to amend and Defendants' Motion to Dismiss.<br><br>As to Plaintiff's motions to recuse––which appear to be based solely on the Court's adverse rulings against him––the Court observes that prior rulings alone are not a valid basis for recusal, and reiterates that it harbors no bias in favor of Defendants, or any personal animus or antagonism toward Plaintiff or the merits of his case. *See United States v. Andrews*, No. 3:20–CV–1300, 2022 WL 819545, at *3 (D. Conn. Mar. 18, 2022) ("[I]t is... well–established that adverse rulings against the defendant do not render a judge biased such that recusal is proper."). Accordingly, Plaintiff's requests for recusal of, and investigation into, the undersigned are DENIED.<br><br>Turning to the motion for reconsideration, this Court has likewise already advised Plaintiff that a motion for reconsideration is an extraordinary request granted only in rare circumstances, that the relevant standard is strict, and that Plaintiff's ongoing and persistent interest in relitigating issues already decided is not sufficient. *See* ECF Nos. 36, 112, 136. At issue here, Plaintiff challenges the Court's prior ruling disallowing his purported FOI claim. But Plaintiff has not accurately identified any controlling decisions that the Court overlooked or misapplied in denying his motions to amend. And indeed, it is well–established that the Freedom of Information Act does not apply to state/municipal agencies (*e.g.*, the Bloomfield Police Department), and that a claim arising under a state's freedom of information law is not cognizable under Section 1983. *See Crowder v. Farinella*, No. 3:17–CV–1135 (VAB), 2017 WL 3392546, at *6 (D. Conn. Aug. 7, 2017) (citing *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985)). Moreover, the Court repeats that this litigation is not the appropriate forum to challenge a FOI response. Rather, Plaintiff may continue to seek relevant information through the discovery process, as provided for in the Federal Rules of Civil Procedure.<br><br>The Court further advises Plaintiff that the dismissal of Officer LaBreck as a defendant does not itself preclude Plaintiff from seeking related discovery involving Officer LaBreck. *See* ECF No. 163. Finally, Plaintiff is advised that any future motions which seek simply to relitigate issues already raised and decided shall be summarily denied if they do not meet the exacting reconsideration standard.<br>It is so ordered. Signed by Judge Kari A. Dooley on December 27, 2024. (Spears, A.) (Entered: 12/27/2024) |

| | | |
|---|---|---|
| 12/27/2024 | 176 | ORDER denying <u>164</u> Motion to Refile Complaint; denying <u>165</u> Motion for Sanctions; denying <u>166</u> Motion for Clarification. On November 8, 2024, November 10, 2024, and November 15, 2024, respectively, Plaintiff filed three motions primarily seeking: (1) to "refile the Complaint" in light of purported "newly discovered evidence," *see* ECF No. 164; (2) a "hearing to examine the nature and extent of any communications between Defendants and [the Court]," and related sanctions, *see* ECF No. 165; and (3) an order compelling Defendants to provide "all relevant evidence," on pain of sanctions and an adverse inference as to the existence of probable cause for Plaintiff's arrest, *see* ECF No. 166. On December 2, 2024, Defendants filed an objection to the foregoing motions. ECF No. 167. For the reasons that follow, each of Plaintiff's motions is DENIED.<br><br>First, the <u>164</u> Motion to Refile Complaint, which the Court construes as yet another motion to amend, is denied for the same reasons previously––and repeatedly––set forth by the Court, *e.g.*, Plaintiff's failure to comply with the Federal Rules of Civil Procedure and the Court's explicit instructions regarding motions to amend, among other deficiencies. *See* ECF Nos. 75, 79, 128, 133, 156. Moreover, to the extent Plaintiff invokes Fed. R. Civ. P. 15(d), the Court observes that "[t]he same substantive standard applies when analyzing a motion under Rules 15(d) and 15(a)." *Wertzberger v. Shapiro, DiCaro & Barak LLC*, No. 19–CV–4272 (MKB), 2021 WL 327619, at *3 (E.D.N.Y. Feb. 1, 2021). As to Plaintiff's <u>165</u> Motion for Sanctions, notwithstanding Plaintiff's wholly unfounded accusation to the contrary, the Court has not had any improper ex parte communications with Defendants or defense counsel, and the motion is denied on this basis alone. Regarding Plaintiff's <u>166</u> Motion for Clarification, the Court refers Plaintiff to Magistrate Judge Spector's 173 Order on Plaintiff's subsequently filed <u>168</u> Motion to Compel, and further advises Plaintiff that he may continue to seek information about the basis for his arrest––including any relevant audio recordings––through the discovery process. Lastly, insofar as these motions seek recusal of the undersigned, reassignment of the case to a different district judge, and/or otherwise assert allegations of purported judicial misconduct, they are denied for the reasons set forth in the Court's 175 Order.<br>It is so ordered. Signed by Judge Kari A. Dooley on December 27, 2024. (Spears, A.) (Entered: 12/27/2024) |
| 12/31/2024 | <u>177</u> | OBJECTION re <u>174</u> Response *(Objection to Plaintiff's Response to Motion to Compel)* filed by Kelsey Marschall. (Jakiela, Kristan) (Entered: 12/31/2024) |
| 02/24/2025 | <u>178</u> | MOTION to Take Deposition from Orane M. Cornish, Jr., Victim #1 A.L., Victim #2 J.L. *(Motion for Leave to Hold Depositions at the Federal Courthouse)* by Kelsey Marschall. (Attachments: # <u>1</u> Exhibit A)(Jakiela, Kristan) (Entered: 02/24/2025) |
| 02/25/2025 | <u>179</u> | First OBJECTION *PLAINTIFFS OBJECTION TO DEFENDANTS DEPOSITION REQUEST* filed by ORane M. Cornish, Jr. (Attachments: # <u>1</u> Exhibit JL police report)(Cornish, ORane) (Entered: 02/25/2025) |
| 02/25/2025 | | MOTION REFERRED to Magistrate Judge Robert M. Spector including <u>178</u> MOTION to Take Deposition from Orane M. Cornish, Jr., Victim #1 A.L., Victim #2 J.L. *(Motion for Leave to Hold Depositions at the Federal Courthouse)*. (Gould, K) (Entered: 02/25/2025) |
| 02/25/2025 | 180 | NOTICE OF E–FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. A Discovery Conference is set for **3/4/2025 at 10:00 AM** before Judge Robert M. Spector.<br><br>NOTICE regarding hearing via Zoom: The Discovery Conference scheduled for 03/04/2025 at 10:00 AM will be conducted via Zoom.<br><br>Call–in and Public Access Number: +1 646 828 7666<br><br>Meeting ID: 160 705 8553<br><br>Meeting Password: 729279<br><br>*The Court will distribute the video link to the parties via email.* |

| | | |
|---|---|---|
| | | Please note: **Members of the public are permitted to join this hearing by audio only using the public access number above. Video participation is permitted by the parties and counsel only.** This is in accordance with the remote access policies of the Judicial Conference of the United States, which governs the practices of the federal courts. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. Violation of these prohibitions may result in sanctions, including restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court. (Lee, Elisabeth) (Entered: 02/25/2025) |
| 03/04/2025 | 181 | Minute Entry for proceedings held before Judge Robert M. Spector: Discovery Conference held on 3/4/2025. 21 minutes (Court Reporter CourtSmart.) (Langello, N) (Entered: 03/04/2025) |
| 03/04/2025 | 182 | First MOTION to Seal *PLAINTIFFS MOTION TO SEAL AND BAR DEPOSITIONS, STRIKE EXHIBIT A, AND TO STRIKE DEFENDANTS ATTEMPT TO CREATE EVIDENCE POST−ARREST* defense motion to depose by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 03/04/2025) |
| 03/04/2025 | 183 | ORDER granting in part and denying in part 178 MOTION to Take Deposition from Orane M. Cornish, Jr., Victim #1 A.L., Victim #2 J.L. *(Motion for Leave to Hold Depositions at the Federal Courthouse)*. During the discovery conference, the Court discussed the deposition process and possible solutions that might be agreeable to both parties. As discussed and agreed to by the parties, the Court orders the deposition of ORane Cornish, Jr. and Victim # 2 J.L. to be conducted **virtually, i.e., either by audio or video conference**. These two depositions shall take place on the noticed deposition dates/times: (1) for the plaintiff, on March 18, 2025 at 1:00 P.M.; and (2) for J.L. on March 19, 2025 at 12:00 P.M. Following these depositions, if defense counsel concludes that the deposition of Victim # 1 A.L. is necessary, she may file a motion on or before **March 26, 2025**, proposing a reasonable procedure for conducting the witness's deposition in light of the concerns raised during today's discovery conference. The plaintiff shall respond on or before **April 2, 2025**. Should the plaintiff feel it is necessary to reference health information about any witnesses in the response, he should move to seal that information and comply with the Local Rule on sealing: D. Conn. L. Civ. R. 5(e). Signed by Judge Robert M. Spector on 03/04/2025. (Lee, Elisabeth) (Entered: 03/04/2025) |
| 03/04/2025 | 184 | ORDER denying 182 First MOTION to Seal *PLAINTIFFS MOTION TO SEAL AND BAR DEPOSITIONS, STRIKE EXHIBIT A, AND TO STRIKE DEFENDANTS ATTEMPT TO CREATE EVIDENCE POST−ARREST* defense motion to depose. In this motion to seal, the plaintiff does not move to seal any information pursuant to Local Rule 5(e). Therefore, his motion is improper and lacks merit. Rather, he seeks an order (a) barring the depositions this Court already addressed during today's discovery conference, (b) striking defense counsel's email and future deposition testimony, and (c) for the production of evidence, which the defendants contend justify the September 2020 arrest. Much of the motion overlaps with his objection to the defendants' 178 Motion. In addition, the Court has already addressed these arguments in previous orders and will not revisit them here. (Doc. Nos. 144, 155, 173, 183). It is so ordered. Signed by Judge Robert M. Spector on 03/04/2025. (Lee, Elisabeth) (Entered: 03/04/2025) |
| 03/05/2025 | 185 | First MOTION for Reconsideration *PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEPOSITIONS, NOTICE OF APPEAL TO SECOND CIRCUIT, AND REPORT TO JUDICIAL AUTHORITIES* by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 03/05/2025) |
| 03/05/2025 | 186 | First Memorandum in Support re 185 First MOTION for Reconsideration *PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEPOSITIONS, NOTICE OF APPEAL TO SECOND CIRCUIT, AND REPORT TO JUDICIAL AUTHORITIES PLAINTIFFS NOTICE AND MEMORANDUM OF LAW RECONSIDERATION OF ORDER GRANTING DEPOSITIONS, NOTICE OF APPEAL TO SECOND CIRCUIT, AND REPORT TO JUDICIAL AUTHORITIES* filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 03/05/2025) |

| | | |
|---|---|---|
| 03/05/2025 | <u>187</u> | First MOTION to Quash *MOTION TO QUASH SUBPOENA FOR DEPOSITION OF JAMAL LAIDLEY PENDING SECOND CIRCUIT REVIEW OF JUDGE SPECTOR'S ORDER* by ORane M. Cornish, Jr.Responses due by 3/26/2025 (Attachments: # <u>1</u> Exhibit subpoena)(Cornish, ORane) (Entered: 03/05/2025) |
| 03/06/2025 | | MOTIONS REFERRED to Magistrate Judge Robert M. Spector including <u>185</u> First MOTION for Reconsideration *PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEPOSITIONS, NOTICE OF APPEAL TO SECOND CIRCUIT, AND REPORT TO JUDICIAL AUTHORITIES*, <u>187</u> First MOTION to Quash *MOTION TO QUASH SUBPOENA FOR DEPOSITION OF JAMAL LAIDLEY PENDING SECOND CIRCUIT REVIEW OF JUDGE SPECTOR'S ORDER*. Motions referred to Magistrate Judge Robert M. Spector. (Gould, K) (Entered: 03/06/2025) |
| 03/14/2025 | 188 | ORDER denying <u>185</u> First MOTION for Reconsideration *PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEPOSITIONS, NOTICE OF APPEAL TO SECOND CIRCUIT, AND REPORT TO JUDICIAL AUTHORITIES*. The undersigned adopts and incorporates the legal standard previously used by the district judge. (*See* Doc. No. 133). "A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked––matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "If 'the moving party is seeking solely to relitigate an issue already decided,' the court should deny the motion for reconsideration and adhere to its prior decision." *Collins v. Blumenthal*, 581 F. Supp. 2d 289, 290 (D. Conn. 2008) (quoting *Shrader*, 70 F.3d at 257) (alterations omitted); *see also Young v. Choinski*, 15 F. Supp. 3d 194, 197 (D. Conn. 2014) ("It is well–settled that a motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'") (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (internal quotation marks omitted)).<br><br>Here, the plaintiff seeks the Court's reconsideration of its Order at Doc. No. 183 in which it (1) ordered the virtual depositions of the plaintiff and J.L. on March 18 and 19, 2025; and (2) directed the defendant to file a motion requesting A.L.'s deposition if, after the first two depositions are concluded, counsel concludes A.L.'s deposition is necessary. The plaintiff argues that these depositions "constitute an improper attempt to manufacture evidence post–arrest, violating federal law, Supreme Court precedent, and the Federal Rules of Civil Procedure." (Doc. No. 185 at 1). He also contends that the law does not permit A.L.'s and J.L.'s depositions when the Court already ordered the defendant to produce evidence concerning the September 2020 events. (*Id.* at 2). According to the plaintiff, the Court has overlooked exculpatory evidence that the "Defendants lied in their official reports." (*Id.*).<br><br>The plaintiff seeks to relitigate issues already decided. During the discovery conference, the plaintiff made the same arguments he makes in the instant motion, and the Court found them unavailing. At the conference, the Court explained the discovery process, including that the defendant is entitled to depose people who witnessed the events at issue. *See* Fed. R. Civ. P. 26 ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."); Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person, including a party, without leave of court...."). As alleged in the operative complaint, A.L. and J.L. are key witnesses to several events relevant to the plaintiff's claims. Accordingly, the depositions are warranted under the Federal Rules. In any event, during the discovery conference, the plaintiff agreed to the depositions of J.L. and him, maintaining only his objection as to A.L.'s deposition. For these reasons, the motion for reconsideration is denied for failure to satisfy the strict reconsideration standard. Signed by Judge Robert M. Spector on 03/14/2025. (Lee, Elisabeth) (Entered: 03/14/2025) |

| | | |
|---|---|---|
| 03/14/2025 | 189 | ORDER denying <u>187</u> First MOTION to Quash *MOTION TO QUASH SUBPOENA FOR DEPOSITION OF JAMAL LAIDLEY PENDING SECOND CIRCUIT REVIEW OF JUDGE SPECTOR'S ORDER*. In this motion, the plaintiff argues the Court should quash the deposition of J.L. until the Second Circuit rules on his appeal of the undersigned's order directing the depositions of J.L. and him (Doc. No. 183). First, the docket does not indicate that the plaintiff has appealed that ruling. Second, the plaintiff agreed to the deposition of J.L. during the discovery conference. Third, the plaintiff has not established that the deposition would cause an undue burden or otherwise satisfy Rule 45(d)(3) of the Federal Rules of Civil Procedure. Fourth, for the same reasons described in the undersigned's previous order, (Doc. No. 188), J.L. is a key witness in this case and the defendant is entitled to depose him. Therefore, this motion is denied. Signed by Judge Robert M. Spector on 03/14/2025. (Lee, Elisabeth) (Entered: 03/14/2025) |
| 03/14/2025 | <u>190</u> | First RESPONSE *PLAINTIFF'S MOTION TO DECLARE DEPOSITION UNLAWFUL, SEEK SANCTIONS AGAINST PARTICIPATING PARTIES, AND FORMALLY REQUEST RECUSAL OF JUDGE SPECTOR* filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 03/14/2025) |
| 03/14/2025 | <u>191</u> | First NOTICE by ORane M. Cornish, Jr *NOTICE TO THE COURT REGARDING JUDGE SPECTORS UNLAWFUL ORDER AND INTENT TO FILE COMPLAINTS AND LEGAL ACTIONS* (Cornish, ORane) (Entered: 03/14/2025) |
| 03/14/2025 | <u>192</u> | NOTICE OF INTERLOCUTORY APPEAL by ORane M. Cornish, Jr. Filing fee $ 605. (Cornish, ORane) (Entered: 03/14/2025) |
| 03/15/2025 | <u>193</u> | First RESPONSE *PLAINTIFFS RESPONSE TO ORDER (Doc. No. 185) DENYING MOTION FOR RECONSIDERATION* filed by ORane M. Cornish, Jr. (Cornish, ORane) (Entered: 03/15/2025) |